PER CURIAM.
This case was submitted to the trial court upon stipulated facts and final summary judgment was entered for the plaintiff, Dental. The defendant, Florida National Bank of Coral Gables, now appeals.
In its final judgment, the lower court found:
******
“ * * * [I]t appears that on or about December 12, 1963, the Plaintiff maintained a checking account in the Defendant Bank and had on deposit in said Bank in excess of $10,000.00. Several days prior to that date the Plaintiff gave to one Harold Gradsky a post-dated check bearing date December 13, 1963 payable to the order of Harold Gradsky in the amount of $10,000.00. Said check was drawn on the Plaintiff’s account in the Defendant bank. That on December 12, 1963, a day prior to the date appearing on the check above described, the Defendant Bank paid the same to Harold Gradsky, the payee.
It was admitted by the Plaintiff that at no time after the issuance and delivery of said check to Harold Gradsky and before payment thereof by the Bank did the Plaintiff give the Bank notice in writing or otherwise of the issuance of the check giving the Bank a complete description thereof.
The Plaintiff, on the morning of December 13, 1963, prior to the opening of the Defendant Bank for business, telephoned the Defendant Bank and informed one of its employees that he desired to stop payment on the above *242 described check that would probably be presented for payment to the Defendant Bank on that day and at that time the Plaintiff informed the Defendant Bank that he was in the process of going to the Defendant’s banking house for the purpose of executing a written stop-payment order which is furnished by the Defendant Bank for its depositors. During the conversation on the telephone the employee of the Bank to whom the Plaintiff was talking informed the Plaintiff that the check had been paid by the Bank on December 12, 1963, the day prior.
The Court finds from the above facts that the Plaintiff was not given an opportunity to stop payment on the check by reason of the Bank’s payment of the same one day prior to its maturity and that the Statute relied on by the Defendant Bank, being Section 659.36, Florida Statutes, requiring the maker of a post-dated check to give the Bank upon which it is drawn a complete description thereof is not applicable and is not a defense in this case. * * * ”
* * * * * *
We reverse.
F.S. § 659.36, F.S.A. provides as follows:
* H< * * * *

“Issuance of post-dated checks

It shall be the duty of the person drawing a post-dated check to notify, in writing, the bank or trust company upon which such check is drawn, giving a complete description thereof, including the name of the payee, the date, the number and the amount thereof, otherwise the bank or trust company shall not be liable for erroneously paying such check. Added Laws 1953, c. 28016, § 2. * * * ” Emphasis added.
******
It is admitted that the plaintiff did not attempt to comply with Fla.Stat. § 659.36, F.S.A. by giving the required notice of the post-dated' check and made no attempt to instruct the bank to stop payment prior to the time it made actual payment. Consequently, Fla.Stat. § 659.32, F.S.A.[1] is not applicable to the instant case and the provisions of Fla.Stat. § 659.36, F.S.A. control.
Accordingly, the final judgment is reversed with instructions to enter a final judgment for the defendant in accordance with this opinion.

. Fla.Stat. § 659.32, F.S.A. has since been repealed by the uniform commercial code, effective January 1, 1967.