MERT L. MITCHELL, RECEIVER OF OFFICE SUPPLY COMPANY, INC. PLAINTIFF v. REPUBLIC BANK & TRUST COMPANY, DEFENDANT AND THIRD PARTY PLAINTIFF v. WEATHERS BROS. OFFICE EQUIPMENT CO., THIRD PARTY DEFENDANT

No. 7726SC148

(Filed 17 January 1978)

1. **Uniform Commercial Code § 42— bank's payment of check after stop payment order—burden of showing loss**

   When a bank pleads non-loss by a bank customer in an action by the customer to recover damages caused by the bank's payment of a check contrary to a valid stop payment order, the customer must show some loss other than the mere debiting of his bank account in the amount of the check. G.S. 25-4-403(3).

2. **Uniform Commercial Code § 42— bank's payment of check after stop payment order—burden of showing loss**

   A *prima facie* case of loss is established by a bank customer when he shows that the bank paid a check contrary to a valid stop payment order, and the bank, exercising its subrogation rights created by G.S. 25-4-407, then has the burden of coming forward and presenting evidence of actual loss sustained by the customer. When the bank meets this burden of coming forward, the customer must sustain the ultimate burden of proving loss.

Mitchell v. Trust Co.

3. **Uniform Commercial Code § 42— bank's payment of check after stop payment order— summary judgment— issue as to loss**

The trial court erred in granting summary judgment for plaintiff customer in an action to recover damages allegedly caused by defendant bank's payment of a check contrary to plaintiff's stop payment order where the bank denied plaintiff's allegation that he had been damaged by the face amount of the check, and plaintiff offered only his verified complaint to establish his loss and thus did not carry the burden of showing that no genuine issue of material fact existed as to the loss.

APPEAL by defendant from *Griffin, Judge*. Judgment entered 6 January 1977, in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 8 December 1977.

On 19 August 1976 plaintiff was appointed receiver of Office Supply Company, Inc. Plaintiff instituted this action under G.S. 25-4-403 alleging that defendant bank paid a check for which a valid stop payment order had been entered.

The check was drawn on 9 August 1976 by Office Supply in favor of Weathers Bros. Office Equipment Co. On 12 August 1976 the bank was instructed not to pay the check. On 18 August 1976 the bank allowed payment of the check and deducted the amount of the check from the account of Office Supply Company, Inc.

Defendant answered and admitted payment of the check contrary to the stop payment order but denied that plaintiff had suffered any loss by the payment. Pursuant to G.S. 25-4-407(b), the bank claimed subrogation to the rights of Weathers Brothers Office Equipment Company, the payee of the check. Later, defendant filed, pursuant to G.S. 25-4-407(c), a third party complaint against Weathers Brothers claiming its subrogation to the rights of plaintiff depositors. Plaintiff filed a motion for summary judgment after which defendant served upon plaintiff interrogatories to determine the facts underlying the transaction between plaintiff and third party defendant. As far as the record reveals, defendant's interrogatories had not been answered when the trial court granted plaintiff's motion for summary judgment. Defendant appeals from that judgment.

*Joseph L. Barrier for plaintiff appellee.*

*Tucker, Moon and Hodge, by John E. Hodge, Jr., for defendant appellant.*

Mitchell v. Trust Co.

ARNOLD, Judge.

The sole question presented by this appeal is whether the trial court erred in granting plaintiff's motion for summary judgment. Summary judgment, of course, is appropriate when there is no genuine issue as to any material fact in the claim for relief. G.S. 1A-1, Rule 56. Defendant argues that there was a genuine issue as to plaintiff's actual loss in the transaction and that, until plaintiff established such loss, summary judgment was not proper. Plaintiff's counter-argument is that the amount of loss was the amount of the check, and that that amount was clearly established.

G.S. 25-4-403(1) clearly gives a bank customer the right to stop payment on a check:

> "(1) A customer may by order to his bank stop payment of any item payable for his account but the order must be received at such time and in such manner as to afford the bank a reasonable opportunity to act on it prior to any action by the bank with respect to the item described in § 25-4-303."

In the present case there is no question raised as to the fact that plaintiff made a binding stop payment order. G.S. 25-4-403(3) places the burden of proof of loss on the bank customer, here the plaintiff:

> "(3) The burden of establishing the fact and amount of loss resulting from the payment of an item contrary to a binding stop payment order is on the customer."

[1] There is no case law in this State, and nothing in the Official or North Carolina Comments, which defines "loss" as used in this section. We conclude that, where the bank pleads non-loss by the bank customer, a bank customer, in order to recover for damages caused by the bank's payment of a check contrary to a valid stop payment order, must show some loss other than the mere debiting of his bank account in the amount of the check. Otherwise there would appear to be no reason for the enactment of G.S. 25-4-403(3). *See, e.g., Thomas v. Marine Midland Tinkers Nat. Bank*, 86 Misc. 2d 284, 381 N.Y.S. 2d 797 (1976).

G.S. 25-4-407 gives to a payor bank, that has improperly paid a check contrary to a stop payment order, subrogation rights of various parties to the transaction:

"If a payor bank has paid an item over the stop payment order of the drawer or maker or otherwise under circumstances giving a basis for objection by the drawer or maker, to prevent unjust enrichment and only to the extent necessary to prevent loss to the bank by reason of its payment of the item, the payor bank shall be subrogated to the rights

(a) of any holder in due course on the item against the drawer or maker; and

(b) of the payee or any other holder of the item against the drawer or maker either on the item or under the transaction out of which the item arose; and

(c) of the drawer or maker against the payee or any other holder of the item with respect to the transaction out of which the item arose."

Under this section the defendant bank is subrogated to the rights of the payee (here Weathers Brothers) against the drawer (the plaintiff), to prevent any unjust enrichment of the drawer. It, therefore, makes little sense to define the term "loss" as found in G.S. 25-4-403(3) to mean the amount of the check, when G.S. 25-4-407 gives the bank possible subrogation claims against the drawer plaintiff which would reduce the amount for which the bank might be liable.

[2]  We are aware that the two sections, G.S. 25-4-403(3) and G.S. 25-4-407 may present a question as to who has the ultimate burden of proof. The better rule, we believe, is to place the ultimate burden of proof as to loss on the customer. A *prima facie* case is established by the customer when he shows that the bank paid a check contrary to a valid stop payment order. Then the bank, exercising its subrogation rights created by G.S. 25-4-407, has the burden of coming forward and presenting evidence of an absence of actual loss sustained by the customer. When the bank meets the burden of coming forward, the customer must sustain the ultimate burden of proof. *Thomas v. Marine Midland Tinkers Nat. Bank, supra.*

[3]  Of course, no matter who has the burden of proof at trial upon the issues raised, the party moving for summary judgment has the burden of showing that there exists no genuine issue of

material fact. *Savings & Loan Assoc. v. Trust Co.*, 282 N.C. 44, 191 S.E. 2d 683 (1972). Based upon this record it was error to grant summary judgment for plaintiff. Plaintiff alleged that it had been damaged by the face amount of the check $2,364.21. The bank denied this allegation. Thus an issue of fact material to plaintiff's cause of action was presented by the pleadings, and since plaintiff offered only his verified complaint to establish his loss he did not carry the burden of showing that no genuine issue of material fact existed.

Vacated and remanded.

Judge MORRIS and HEDRICK concur.