389 So.2d 1032 (1980)
SOUTHEAST FIRST NATIONAL BANK OF SATELLITE BEACH, a National Banking Association, Appellant,
v.
ATLANTIC TELEC, INC., a Florida Corporation, Appellee.
No. 78-2108/T4-226.
District Court of Appeal of Florida, Fifth District.
September 24, 1980.
Rehearing Denied October 31, 1980.
James F. Page, Jr., Orlando, for appellant.
John M. Starling, Titusville, and P.F. Nohrr, Melbourne, for appellee.
SHARP, Judge.
Southeast First National Bank of Satellite Beach appeals from a judgment against *1033 it for $13,000.00 in favor of Atlantic Telec, Inc. The bank also appeals the trial court's dismissal of the bank's third party complaint against Genesis Two-Atlantic Limited for lack of personal jurisdiction. We affirm the $13,000.00 judgment against the bank, but we reverse the dismissal of the complaint against Genesis.[1]
Atlantic brought suit against the bank because the bank failed to stop payment on a $13,000.00 check drawn by Atlantic on its account payable to Genesis. The stop payment order was oral, contrary to section 674.403(1),[2] but the bank does not appeal the determination that it wrongfully failed to stop payment. It argues that Atlantic failed to show it had a right to stop payment on the check, and therefore Atlantic suffered no actual loss.[3]
Simply because a bank pays a check over a stop payment order does not entitle the customer to recover damages against the bank,[4] but it does establish a prima facie case for the customer.[5] The bank must present evidence to show absence of loss, or the right of the payee of the check to receive payment. Then the customer must sustain the ultimate burden to show why there was a defense to payment of the item.[6]
The parties agree for purposes of this appeal that Atlantic established a prima facie case. The bank then proved that the check was given by Atlantic to Genesis pursuant to a contract between the parties. Atlantic agreed to purchase a "soil inoculant" from Genesis, for resale to large farm operators in central Florida, and Genesis agreed to provide various sales assistance and technical help. The $13,000.00 check was in part payment of Atlantic's obligations under the contract to Genesis.
Atlantic then had the burden of going forward to show why it had the right to stop payment on the check. We believe the record shows it carried that burden. It presented testimony to show that Genesis breached its contract with Atlantic by failing to provide the technical information and sales assistance to Atlantic, as required under the contract. Although the payee of a check may be a holder in due course,[7] Genesis did not take the check for value[8] in view of the breach of contract and failure of consideration testimony, and the check, like the underlying contract for which it was given, could be defeated by such defenses.[9]
Because the bank was potentially liable to its customer in this case, it was entitled to assert Atlantic's rights against Genesis in its third party complaint.[10] The bank alleged Genesis negotiated a contract in Florida to do business with Atlantic; the parties executed the contract in Florida for an on-going sales distribution business and effort between the parties, looking towards continued activity of Genesis in Florida; *1034 and Genesis failed to perform the requirements of the contract in Florida. Genesis' motion to dismiss simply denied it was doing business in Florida, and claimed South Carolina as its state of residence. Genesis was served pursuant to Florida's "Long Arm" statute § 48.193, Florida Statutes (1979). The allegations contained in the bank's third party complaint were sufficient to establish personal jurisdiction over Genesis,[11] and the motion to dismiss was insufficient to require the bank to further substantiate its jurisdictional allegations.[12] Further, the allegations of the bank concerning Genesis' activity in Florida are sufficient to satisfy the due process requirements of "minimum contacts."[13]
AFFIRMED in part; REVERSED in part and REMANDED.
ORFINGER, J., concurs.
FRANK D. UPCHURCH, Jr., J., concurs without participation in oral argument.
NOTES
[1] The dismissal of the third party complaint against Genesis, the third party defendant, could have been appealed under Fla.R.App.P. 9.130(a)(3)(C)(i). However, the bank did not lose its right to appeal the dismissal as a part of the final judgment. Fla.R.App.P. 9.130(g).
[2] § 674.403(1), Fla. Stat. (1979), provides: "A customer ... may stop payment on any item payable, for or drawn against such customer's or customers' account but the same shall not be effective and the bank may disregard the same unless the order is in writing... ." See Florida Nat. Bank at Coral Gables v. Dental, 210 So.2d 241 (Fla. 3d DCA 1968).
[3] § 674.403(3), Fla. Stat. (1979), provides: "The bank may be liable to its customer for the actual loss incurred by the customer resulting from the wrongful payment of an item contrary to a valid and binding stop payment order... ." (Emphasis supplied).
[4] Thomas v. Marine Midland Tinker's National Bank, 86 Misc.2d 284, 381 N.Y.S.2d 797 (Civ. Ct.N.Y. 1976).
[5] Mitchell v. Republic Bank & Trust Co., 35 N.C. App. 101, 239 S.E.2d 867 (1978).
[6] Supra notes 4, 5.
[7] § 673.302(3), Fla. Stat. (1979).
[8] § 673.303(1), Fla. Stat. (1979).
[9] § 673.306, Fla. Stat. (1979).
[10] § 674.407, Fla. Stat. (1979); Stuart v. Hertz Corporation, 302 So.2d 187 (Fla. 4th DCA 1974).
[11] Electro Engineering Products Co., Inc. v. Lewis, 352 So.2d 862 (Fla. 1977); Word Business Consultants, Ltd., Inc. v. Automotive Finishes, Inc., 532 So.2d 120 (Fla. 2d DCA 1977).
[12] Electro Engineering supra; Compania Anonima Simantob v. Bank of America, 373 So.2d 68 (Fla.3d DCA 1979).
[13] U.S.Const. Amends: V, XIV; International Shoe Company v. Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945). Osborn v. University Society, 378 So.2d 873 (Fla. 2d DCA 1979).