{¶ 42} I concur in judgment but wish to clarify the court's analysis of the customer's need to show a loss beyond the mere debiting of the customer's account. R.C. 1304.32 (UCC § 4-403) permits a bank customer (drawer or maker) to stop payment on a check by notifying the bank (drawee or payor bank) of the customer's desire to do so. If the bank pays the check over a valid stop order, the bank faces potential liability for ignoring the customer's request. A customer establishes aprima facie case against the bank by simply providing evidence of a valid stop order and subsequent payment. The burden then shifts to the bank to exercise its subrogation rights under R.C. 1304.36 (UCC § 4-407) to present some evidence that payment was proper or that the customer did not experience an actual loss because, for example, a valid contract exists between the customer, i.e. Meade, and the named payee, i.e. Adams County Lumber Co. Once the bank has presented some evidence of "no loss" by the customer, perhaps by submitting a copy of a contract, invoice or receipt, the burden shifts back to the customer to establish that he or she has incurred an actual loss by virtue of the payment, i.e. that the customer had no obligation to the named payee because the named payee breached the contract. Thus, more than "the mere debiting of the customer's account" has occurred. For a good discussion of these principles, see Mitchell v. Republic Bank Trust Co., (1978),239 S.E.2d 867, 869, cited in Chute, supra.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED IN PART AND REVERSED IN PART and the cause remanded to the trial court for further proceedings consistent with this opinion and that costs herein be taxed equally between the parties.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Adams County Court to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as the date of this Entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, J., concurs in judgment and opinion.
Harsha, J., concurs with concurring opinion.