396 So.2d 825 (1981)
JACOBSON MANUFACTURING COMPANY, Appellant,
v.
CROSS MANUFACTURING COMPANY, Appellee.
JACOBSON MANUFACTURING COMPANY, Appellant,
v.
HYDRO HOSE, INC., Appellee.
Nos. 79-2417, 79-2418.
District Court of Appeal of Florida, Fourth District.
April 8, 1981.
*826 Fred R. Ober of Fowler, White, Burnett, Hurley, Banick & Strickroot, Miami, for appellant.
Richard B. Culver of Hill, Culver & Neale, Fort Lauderdale, for appellee-Cross Mfg. Co.
Larry Klein, West Palm Beach, and Pomeroy, Betts, Pomeroy, Moses & Pomeroy, Fort Lauderdale, for appellee-Hydra Hose, Inc.
HERSEY, Judge.
Cross Manufacturing Company is a manufacturer of hydraulic component parts which are sold to equipment manufacturers and distributors. Its products are sold F.O.B. the factory in Kansas. It manufactured the T-swivels involved here at a factory in Kansas. Those T-swivels were then sold to Hydra Hose, Inc., a distributor, also in Kansas.
The T-swivels were sold by Hydra Hose to appellant, Jacobson Manufacturing Company. The sale took place in Kansas. Jacobson then incorporated the T-swivels into lawn sweepers which it manufactured in Kansas.
One of these lawn sweepers found its way to Florida, allegedly malfunctioned, and injured an employee of its purchaser who then filed suit against the manufacturer, appellant Jacobson.
On theories of indemnity and contribution, appellant filed a third party complaint against Cross and Hydra Hose and effected service of process under Section 48.193(1)(f)(2), Florida Statutes (1979), Florida's "long-arm" statute.
Cross and Hydra Hose moved to dismiss the complaint and quash service of process on the grounds that the third party complaint failed to allege any facts which would subject them to jurisdiction pursuant to Section 48.193. The factual allegations of the complaint were not disputed. The trial court entered an order on these motions, dismissing the third party complaint and quashing service of process for lack of jurisdiction over appellee corporations. That order is the subject of this appeal.
Under Section 48.193(1)(f)(2), Florida Statutes (1979), Florida courts have jurisdiction over a non-resident who
(f) Causes injury to persons or property within this state arising out of an act or omission outside of this state by the defendant, provided that at the time of the injury either:

*827 ... .
2. Products, materials, or things processed, serviced, or manufactured by the defendant anywhere were used or consumed within this state in the ordinary course of commerce, trade, or use, and the use or consumption resulted in the injury.
In support of its assertion of long-arm jurisdiction, appellant alleged the manufacture and distribution of the component part (the swivel). Appellant further alleged that this part was used in the state of Florida "in the ordinary course of commerce."
Recently, in Ford Motor Co. v. Atwood Vacuum Machine Co., 392 So.2d 1305 (Fla. 1981), the supreme court held that undisputed factual allegations such as those involved here are sufficient to invoke jurisdiction under the long-arm statute and that the statute was intended to apply in such situations.
Accordingly, we reverse the trial court's order and remand with directions that the third party complaint be reinstated.
REVERSED AND REMANDED.
LETTS, C.J., and HURLEY, J., concur.