PER CURIAM.
This case involves an appeal from a non-final order quashing service of process and dismissing appellant’s claim against appel-lee Sanyei Hong Kong, Ltd., a Hong Kong corporation.
Appellant Micah Hardy, a minor, was injured by a toy gun manufactured by Kwong Ming Plastic Factory. The gun had been purchased in Florida from Eagle Family Discount Stores, Inc. Eagle had obtained a large number of such toys through Sanyei in Hong Kong. In prior litigation Hardy sued Eagle for damages and obtained a substantial settlement. In this litigation Hardy has sued Sanyei and Kwong Ming in tort for the same injuries arising out of the child’s use of the toy gun. Sanyei was served under the long arm statute and moved to quash service of process and to dismiss for lack of jurisdiction. The trial court considered the matter upon affidavits, depositions, and other evidence and concluded that Sanyei did not have sufficient minimum contacts to bring it within the purview of the long arm statute. We believe the trial court was correct in so ruling.
Without detailing all of the evidence presented to the trial court, it appears to us that there is substantial competent evidence to support a finding that Sanyei is a Hong Kong corporation and acted as an Eagle’s agent in Hong Kong. Eagle’s personnel would generally go to Hong Kong where Sanyei had different manufacturers’ wares on display. After deciding to purchase certain items, Eagle representatives would execute a purchase order with Sa-nyei requiring Sanyei to obtain the merchandise properly assembled and packaged as per Eagle’s instructions and ship it F.O.B. Hong Kong to Eagle at various destinations in the United States, including Florida. Sanyei’s commission for this service was added to the cost of the merchandise. The total cost was paid to Sanyei who, in turn, paid the manufacturer. Sa-nyei possessed a letter of credit from a bank in Miami which made final payment to Sanyei in Hong Kong. Eagle’s president described Sanyei as a trading company in Hong Kong that represented Eagle in negotiating for the purchase of these goods from the manufacturers and shipping them to Eagle in the United States.
To demonstrate sufficient contacts to justify use of the long arm statute, appellants point to evidence such as the fact that some of Sanyei’s personnel came to the United States from time to time, that Sa-nyei had sold large quantities of toys to Eagle and knew that some of them would end up in Florida, and that Sanyei had sent sample items to Eagle. We have carefully considered all of the evidence that could constitute sufficient connexity with Florida to subject Sanyei to Florida jurisdiction and find it lacking. Keeping in mind that Sa-nyei was not the manufacturer of the product, nor a distributor thereof, but rather was Eagle’s agent in the Orient for the procurement of the toys, we are unable to discern any demonstration of the minimum contacts required for this type of service of process. ■
Appellants also contend that Sanyei consented to the trial court’s jurisdiction based on certain provisions contained in the purchase order form regularly used by Sa-nyei and Eagle. The provisions at issue *1217 are listed under the heading “Purchase Order Form Terms and Conditions” (Terms) and the parties to the agreement are denominated “Vendor” and “Purchaser.” Paragraph 7 of the Terms states:
“Vendor hereby consents to in person-am jurisdiction of Vendor in any Court where any action, claim or suit based upon any cause hereunder is prosecuted, and further agrees that service of summons may be made upon Vendor by mail addressed, postage prepaid, to Vendor’s last known address.... ”
The trial court found that Sanyei was not a Vendor under the agreement in its capacity as Eagle’s purchasing agent. Even assuming that Sanyei is a Vendor under the agreement,[1] we hold that the consent to jurisdiction contained in paragraph 7 does not extend to the claim sub judice. Consent is limited by the terms of this provision to situations “where any action... based upon any cause hereunder is prosecuted.” [2] Based upon the intention of the parties evinced by this agreement, we believe that this provision is properly construed to mean that the Vendor consented to jurisdiction for any action arising out of the breach of some duty owed the Purchaser that has a basis in an agreed term or condition of this contract. Under the agreement, the consent to jurisdiction covers such actions by the Purchaser as breach of warranty due to defective workmanship, indemnity due to liability for injuries caused by the product sold, and failure to timely deliver the goods. If Sanyei is a Vendor under this agreement, its consent to jurisdiction did not extend to the action brought by appellants.
Accordingly, we affirm the order appealed from.
AFFIRMED.
DOWNEY and WALDEN, JJ., concur.
HURLEY, J., dissents with opinion.

. Any determination in this regard is made somewhat difficult by the fact that no purchase order in which the Terms are incorporated is part of the record. The page containing the Terms appears in the record separate and apart from any order form listing the parties to the transaction.

. Hereunder is defined as "under this agreement: in accordance with the terms of this document.” Webster’s Third New International Dictionary (Unabridged), p. 1059 (1966).