468 So.2d 286 (1985)
MASCHINENFABRIK SEYDELMANN, Appellant,
v.
Russell ALTMAN and Robert Rieser & Co., Inc., Appellees.
No. 84-1413.
District Court of Appeal of Florida, Second District.
March 15, 1985.
Rehearing Denied May 7, 1985.
*287 John L. O'Donnell, Jr., and Robert S. Hoofman of DeWolf, Ward & Morris, P.A., Orlando, for appellant.
Daniel L. Molloy and Dick Greco of Molloy, James & Greco, John W. Andrews of John W. Andrews, P.A., and Roland A. Rosello, Tampa, for appellee Russell Altman.
W. Gray Dunlap, Jr., of Jacobs, Robbins, Gaynor, Burton, Hampp, Burns, Bronstein & Shasteen, P.A., Tampa, for appellee Robert Rieser & Co., Inc.
MALONEY, DENNIS P., Associate Judge.
This is an interlocutory appeal from the trial court's order denying defendant/appellant MASCHINENFABRIK SEYDELMANN's Motion to Dismiss for lack of personal jurisdiction. Appellant will be referred to as "Seydelmann" and plaintiff/appellee, RUSSELL ALTMAN, will be referred to as "Altman." Altman seeks damages for injuries received in 1982 from a commercial meat grinder manufactured by Seydelmann, sold by Seydelmann in 1971 to Robert Rieser, a Massachusetts retailer of the grinder, and then resold by Rieser in 1972 to Winn Dixie stores. Altman, a Winn Dixie employee, was injured when he stuck his hand in the grinder. He sued Seydelmann and Rieser under the theories of strict liability, negligence, implied warranty and fraud.
Altman maintains that in personam jurisdiction over Seydelmann was obtained via Florida's long-arm statutes. The burden of proving the right to proceed under the Florida long-arm statutes is upon the plaintiff. Phoenix Trimming, Inc. v. Mowday, 431 So.2d 198, 200 (Fla. 4th DCA *288 1983). Once the allegations of a complaint concerning jurisdiction are refuted by the defendant's affidavit, the plaintiff has the burden of going forward with evidence on the question of jurisdiction. Electro Engineering Products Co. v. Lewis, 352 So.2d 862, 864 (Fla. 1977). "The obligation of the plaintiff is not simply to raise a possibility of jurisdiction, but rather to establish jurisdiction with affidavits, testimony or documents." Hyco Manufacturing Co. v. Rotex International Corp., 355 So.2d 471, 474 (Fla. 3d DCA 1978).
In an effort to refute the allegations of the complaint, Seydelmann filed an affidavit in support of its Motion to Dismiss which shows that Seydelmann is a limited partnership with its office in the Federal Republic of Germany. The partners are all German residents. Seydelmann did not and does not own any real property in Florida, did not and does not maintain any office, telephone listing, bank account or business records in Florida, is not and was not registered with the Secretary of State to do business in Florida, and did not and does not have any salesmen, agents, or distributors in Florida. There are no allegations that Seydelmann does any advertising in Florida or the United States. The sole purchaser for resale of products manufactured by Seydelmann in the United States is Rieser. All sales to Rieser are FOB to the German seaport of Bremen. Seydelmann has no control over the products sold to Rieser after the sale.
To counter this affidavit Altman introduced answers to interrogatories he had propounded to Rieser concerning Rieser's sales of Seydelmann equipment in Florida. Rieser stated that he had been a distributor for Seydelmann for twenty-two years and is the exclusive distributor for Seydelmann in the United States. Rieser first started ordering machines from Seydelmann for delivery to Florida in 1969 or 1970, and approximately twenty-three machines were delivered over the last fourteen years, with a dollar value of approximately $750,000. There were no interrogatories to Seydelmann and there is no evidence of the total value or international volume of Seydelmann's business.
Initially, Seydelmann argues that in deciding the jurisdictional question the trial court may not consider Rieser's answers to Altman's interrogatories because Rule 1.340(d), Florida Rules of Civil Procedure, concerning interrogatories to parties, provides that "answers made by a party shall not be binding on a co-party." While it is correct that the answers are not binding against Seydelmann, we reject the argument that they may not be considered at all. The trial court properly considered the interrogatories as "other competent proof" offered by Altman in an attempt to substantiate jurisdiction. Electro Engineering Products Co. v. Lewis, 352 So.2d at 864.
Subtending the question whether a defendant's activities bring it within the purview of Florida's long-arm statutes is the threshold question regarding whether or not the use of those statutes to require a defendant to defend on the merits violates his rights under the fourteenth amendment to the United States Constitution. "Even where there is facial jurisdiction under the Florida long-arm statute, the party over which jurisdiction is asserted must have had sufficient minimum contacts with Florida to satisfy due process requirements." Lakewood Pipe of Texas, Inc. v. Rubaii, 379 So.2d 475, 477 (Fla. 2d DCA 1980), cert. dismissed, 383 So.2d 1201 (Fla. 1980). The principle of state sovereignty implicit in the due process clause acts as a limitation on a state's use of long-arm statutes to obtain in personam jurisdiction over a nonresident defendant. The due process clause "does not contemplate that a state may make binding a judgment in personam against an individual or corporate defendant with which the state has no contacts, ties or relations." International Shoe Co. v. Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945). The defendant's contacts with the forum state must be such that maintenance of the suit does not offend traditional notions of fair play and substantial justice. 326 U.S. at 316, 66 S.Ct. at *289 158. And the relationship between the defendant and the forum must be such that it is "reasonable ... to require the corporation to defend the particular suit which is brought there." 326 U.S. at 317, 66 S.Ct. at 158-159. The "minimum contacts" test, first delineated in International Shoe, is no easier to apply now than it was thirty-five years ago. Inherent in the test is the requirement that the trial court make a subjective decision on a mixed question of law and fact: is it reasonable? Is it fair?
The International Shoe decision was reaffirmed in World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980). In pertinent part the facts before the court were as follows. The Robinsons purchased a new Audi automobile from a retailer in New York. While traveling through Oklahoma in the Audi they were involved in an accident that severely injured Mrs. Robinson. Claiming a defect in the vehicle contributed to the injury, they sued the manufacturer, the importer, the regional distributor, and the retailer. The regional distributor, World-Wide Volkswagen Corp., moved to dismiss for lack of jurisdiction. World-Wide showed that it was incorporated and had its principal office in New York. It distributed Volkswagen products to retailers in New York, New Jersey, and Connecticut. It was a fully independent corporation from Volkswagen and its relationship to Volkswagen was strictly contractual. It made no sales and performed no services in Oklahoma. It had no agents or employees there, did not advertise there, and did not avail itself of the privileges and benefits of Oklahoma law. The Supreme Court of the United States found that the "minimum contacts" test was not met and Oklahoma's attempted use of its long-arm statute to assert in personam jurisdiction over World-Wide violated the due process clause.
This principle was followed in Phoenix Trimming, Inc. v. Mowday. Phoenix was an Illinois corporation that manufactured synthetic fabric in its plant in North Carolina. Some of the fabric was sold to a North Dakota corporation which used it in the production of hot air balloons. One such balloon while being flown in Florida, collided with some electric lines and killed the occupants. Plaintiffs in that case alleged that the synthetic fabric somehow contributed to the crash. The jurisdictional allegations used in Phoenix Trimming were similar to those alleged here. Phoenix was said to be doing business in Florida because the product they manufactured was ultimately used in Florida. Further, it was alleged that Phoenix knew the product was to be used in Florida and derived a profit from its use there. Phoenix moved to dismiss for lack of jurisdiction. They introduced uncontradicted evidence that they had no offices or agents in Florida, did not advertise in Florida, and did not do business in Florida. The trial court denied the motion but the Fourth District, on authority of World-Wide Volkswagen Corp. v. Woodson, found that under the facts presented "the long-arm statute is not available to plaintiffs in this case." Phoenix Trimming, Inc. v. Mowday, 431 So.2d at 200.
Altman argues that there are sufficient unrefuted facts contained in Rieser's interrogatories to satisfy the minimum contact test. Seydelmann manufactured grinders for sale in international commerce. For at least twenty-two years Seydelmann sold grinders to an American distributor for resale in the United States. Twenty-three grinders have been resold by the distributor for use in Florida. The total sale price of the twenty-three grinders sold to Florida users is approximately $750,000 and one may infer from that fact some indirect economic benefit to Seydelmann. It is entirely reasonable for Seydelmann to foresee that one of its grinders, albeit manufactured and sold in Germany, would find its way to Florida and cause personal injury. Thus, argues Altman, Seydelmann should not be heard to complain about defending the machine in this State.[1] The argument fails, however, because *290 foreseeability alone is not enough to satisfy the due process requirements for minimum contacts. Foreseeability is a factor to be considered.
But the foreseeability that is critical to due process analysis is not the mere likelihood that a product will find its way into the forum State. Rather, it is that the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being hauled into court here.
World-Wide Volkswagen Corp. v. Woodson, 444 U.S. at 297, 100 S.Ct. at 567. If foreseeability were enough then "every seller of chattels would in effect appoint the chattel as agent for service of process. His amenability to suit would travel with the chattel." 444 U.S. at 296, 100 S.Ct. at 566. The logical extension of Altman's argument is that Seydelmann is amenable to suit in any state wherein Rieser makes a sale. But, according to the United States Supreme Court, "unilateral activity of those who claim some relationship with a nonresident defendant cannot satisfy the requirement of contact with the forum state." Hanson v. Denckla, 357 U.S. 235, 253, 78 S.Ct. 1228, 1239, 2 L.Ed.2d 1283, 1298 (1958). Finally, the inference that Seydelmann derived some indirect economic benefit from Rieser's sale of the grinders is insufficient.
Financial benefits accruing to the defendant from a collateral relation to the forum State will not support jurisdiction if they do not stem from some constitutionally cognizable contact with that State.
World-Wide Volkswagen Corp. v. Woodson, 444 U.S. at 299, 100 S.Ct. at 568.
Seydelmann carries on no discernible activities in Florida. The only nexus between Seydelmann and Florida is the presence in Florida of meat grinders manufactured by Seydelmann in Germany. The minimum contacts test is not met merely by showing that a manufacturer could foresee that his product would be used in a particular state and that he derived some indirect economic benefit from its use. Before a long-arm statute may constitutionally be used to obtain jurisdiction over a nonresident defendant, some evidence must be presented to show that the defendant "purposely [availed] itself of the privilege of conducting activities within the forum State." Hanson v. Denckla, 357 U.S. at 253, 78 S.Ct. at 1239. No such evidence was presented in this case.
The order appealed is reversed and the cause is remanded to the trial court to enter an order dismissing Seydelmann for lack of jurisdiction.
SCHEB, A.C.J., and CAMPBELL, J., concur.
NOTES
[1] Altman cites this court to our recent decision in A.J. Sackett and Sons Co. v. Frey, 462 So.2d 98 (Fla.2d DCA 1985). We have considered Sackett in light of this opinion and find it to be factually dissimilar to the instant case. As we recognized in Sackett:

Other courts have held in tort actions involving defective products that in personam jurisdiction over a nonresident manufacturer may be constitutionally obtained by virtue of the act of the manufacturer in delivering the offending product into the state. E.g. Continental Oil Co. v. Atwood & Morrill Co., 265 F. Supp. 692 (D.Mont. 1967); Waukesha Bldg. Corp. v. Jameson, 246 F. Supp. 183 (W.D.Ark. 1965).
Here, the facts do not conclusively show that Seydelmann either delivered or knew of the delivery of the grinder into Florida.