474 So.2d 425 (1985)
S.G.A. SCIENTIFIC, INC., Appellant,
v.
Grady Lee RHODES and Meta Lois Rhodes, Appellee.
No. BF-465.
District Court of Appeal of Florida, First District.
August 28, 1985.
*426 Robert L. Cowles and James R. Barfield of Cowles, Hayden, McMorrow & Barfield, Jacksonville, for appellant.
William H. Folsom, Jr., Jacksonville, and L. Thomas McAnnally, Green Cove Springs, for appellee.
MILLS, Judge.
S.G.A. Scientific, Inc. (SGA) appeals from an interlocutory order denying its motion to abate for lack of personal jurisdiction. We affirm.
Appellee Grady Lee Rhodes was injured while dispensing petroleum products from a fuel tanker when the "sight glass," which allowed him to view the progress of the product, shattered. SGA was one of several companies which handled the glass tubing before its eventual installation into the tanker. The tubing was manufactured by Corning Glass Works, then cut by SGA, a New Jersey corporation, into the lengths specified by another New Jersey company, Parker Hannifin. Parker then incorporated the glass into valves, which it sold to a manufacturer of fuel tankers; the tanker herein was sold to Chevron Oil Company and delivered and titled in Florida.
Rhodes sued SGA, alleging the existence of personal jurisdiction under Florida's "long arm statute," Section 48.193, Florida Statutes (1981). The statute sets forth the acts which will warrant the exercise of the jurisdiction of Florida courts. In this case, the relevant act is described in subsection (f). It reads:
Causes injury to persons or property within this state arising out of an act or omission outside of this state by the defendant, provided that at the time of the injury either:
1. The defendant was engaged in solicitation or service activities within this state which resulted in such injury; or
2. Products, materials, or things processed, serviced, or manufactured by the defendant anywhere were used or consumed within this state in the ordinary course of commerce, trade, or use, ...
Two previous motions by SGA to abate for lack of personal jurisdiction were granted, when the initial and first amended complaints were found not to allege sufficient contacts with the State of Florida. A second amended complaint alleged that SGA had serviced, processed and manufactured the glass by cutting and selling it to Parker, and that it did so knowing that the glass would be installed in valve units for dissemination throughout the United States. SGA made the instant motion to abate in respect to this amendment, again alleging insufficient allegations of connexity with Florida and of facts showing SGA purposely availed itself of the privilege of doing business in Florida. The trial court denied the motion without explanation, and this appeal followed.
Before a state court can acquire personal jurisdiction over a foreign corporation, that corporation must have certain minimum contacts with the state so that maintenance of the suit does not offend traditional notions of fair play and substantial justice. International Shoe Co. v. Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945). There must be some act by which the foreign corporation purposely avails itself of the privilege of conducting activities in the state, thereby invoking the benefits and protection of its laws. Hanson v. Denckla, 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958). This "purposely availed" standard is not met simply by the foreseeability of the product entering the state; mere indirect economic benefit is not sufficient to show minimum contacts. World-Wide Volkswagen v. Woodson, 444 U.S. 286, *427 100 S.Ct. 559, 62 L.Ed.2d 490 (1980).
Several Florida decisions have applied these principles to various factual situations in an attempt to determine the existence of personal jurisdiction. In Ford Motor Co. v. Atwood Vacuum Machine Co., 392 So.2d 1305 (Fla. 1981), Ford filed a third-party complaint against Atwood after being sued by a Ford owner injured when a door hinge assembly, manufactured by Atwood and installed on the car, failed. The complaint alleged that Atwood knew the hinges would be used in Ford automobiles, some of which would be shipped to and sold in Florida. The court, in a 4-3 decision, found these facts sufficient to support the exercise of personal jurisdiction over Atwood.
Two more recent decisions have not found the requisite contacts to support jurisdiction. In Phoenix Trimming, Inc. v. Mowday, 431 So.2d 198 (Fla. 4th DCA 1983), pet. den. 440 So.2d 352 (Fla. 1983), Phoenix, an Illinois corporation, manufactured a synthetic fabric in North Carolina, which it sold to a South Dakota balloon manufacturer. Phoenix did no advertising in Florida nor did it have officers, agents, etc. in the state. A balloon manufactured in South Dakota struck a power line in Florida, causing injury. The Phoenix court acknowledged Atwood but found that because the facts demonstrated a single injury by one product in the state, there were insufficient contacts with Florida to warrant personal jurisdiction.
In Maschinenfabrik Seydelmann v. Altman, 468 So.2d 286 (Fla. 2d DCA 1985), Seydelmann manufactured meat grinders in Germany and sold them to Reiser, a Massachusetts distributor. Reiser sold numerous grinders to Winn-Dixie stores in Florida, one of which injured a Winn-Dixie employee. The court found no activities by Seydelmann upon which to base personal jurisdiction; Atwood was not discussed.
We find that Atwood controls under the facts of this case. SGA, like Atwood, had no part in the sale, distribution or marketing in Florida of the vehicle incorporating its product, but this was not held sufficient to bar a finding of the requisite minimum contacts. Rather, the Atwood court was persuaded to find jurisdiction by the "systematic and continuous presence" of Atwood hinges in Florida. In this case, it was unrefuted that hundreds of SGA sight glasses have and do arrive in Florida and that several similar failures of SGA's products have occurred in the state. We find that these facts support the allegations in the complaint that SGA knew the sight glasses would be disseminated in Florida and that the trial court was correct in finding the exercise of personal jurisdiction appropriate in this case.
We affirm.
BOOTH, C.J., and JOANOS, J., concur.