STONE, Judge,
dissenting.
There was evidence that the plans were designed knowingly as a prototype to be used by Midas in numerous states throughout the country, and that Pence knew they would be used in Florida. The Midas contract was a substantial one for Pence.
In my judgment it does not offend traditional notions of fair play and substantial justice to require appellant to litigate here. Nor can I conclude that the trial court, by applying and balancing the various appropriate factors, did not have the discretion to conclude that they were met in this case. Cf. World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980); Ford Motor Co. v. Atwood Vacuum Machine Co., 392 So.2d 1305 (Fla.1981); Louis Winer Co. v. San Francisco Mercantile Co., 501 So.2d 171 (Fla. 4th DCA 1987); Rice Growers Association of California v. First National Bank of Minneapolis, 167 Cal.App.3d 559, 214 Cal.Rptr. 468 (1985). This defendant’s involvement with Florida, unlike that in World-Wide Volkswagen, was not merely fortuitous.