FERGUSON, Judge.
Releo, a Canadian manufacturer, argues persuasively that its motion to dismiss and quash service of process for lack of personal jurisdiction should have been granted in that its contacts with this state do not satisfy Florida’s long-arm statute or constitutional due process requirements.
The material facts show that the plaintiff, appellee Urania Gonzalez, injured her thumb while operating an eyeletting machine at her place of employment, Sagaz Industries. Gonzalez collected workers’ compensation benefits from her employer, Sagaz, and then filed this lawsuit against Ho Hung Ming Enterprises Co., the Taiwanese manufacturer of the machine, and appellant, Releo, which had arranged for the sale and shipment of the machine from Ho Hung Ming in Taiwan.
Relco’s contact with Florida was insubstantial, and was initiated by Gonzalez’s employer. The director of manufacturing for Sagaz visited Sagaz’s affiliate company in Canada to see how they made seat covers for automobiles. During his visit, the director saw an eyeletting machine in use in the Canadian operation, learned that the machine could be purchased through Releo, and arranged with Releo, while in Canada, for the purchase of two such eyeletting machines. The machines were shipped directly from Taiwan to Southern Florida.
In Hardy v. Sanyei Hong Kong, Ltd., 448 So.2d 1215 (Fla. 4th DCA), rev. denied, 458 So.2d 272 (Fla.1984), a domestic retailer went to Hong Kong to purchase certain items and executed a purchase order requiring the foreign supplier to obtain merchandise and ship it F.O.B. Hong Kong to the domestic retailer at various destinations in the United States. A toy gun, included in the purchased items, sold by the domestic retailer, caused injury to the minor plaintiff. The court concluded that the foreign supplier did not have sufficient minimum contacts with Florida to bring it within the purview of the state’s long-arm statute. Hardy is persuasive. See also Tomashevsky v. Komori Printing Mach. Co., 691 F.Supp. 336 (S.D.Fla.1988) (long-arm statute inapplicable where defendant did not solicit or do business in state). In this case, likewise, the motions to dismiss for lack of jurisdiction and to quash service of process should have been granted.
Reversed.