750 So.2d 67 (1999)
SHIN-KOBE ELECTRIC MACHINERY CO., LTD., a foreign corporation, Appellant,
v.
Shane O. ROCKWELL and Tampa Forklift, Inc., a Florida corporation, CIM Industrial Machinery, Inc., a foreign corporation, and Toyo Umpanki Co., Ltd., a foreign corporation, Appellees.
No. 99-01613.
District Court of Appeal of Florida, Second District.
October 15, 1999.
*68 Larry M. Roth and Frank D. Hosley of Roth, Edwards & Smith, P.A., Maitland, for Appellant.
Daniel D. Moody, Bartow, for Appellee Shane O. Rockwell.
Denise Anderson Byrd and Aaron D. Alfano of Butler Burnette Pappas, Tampa, for Appellee Tampa Forklift, Inc. (Briefs adopted by Appellee Shane O. Rockwell.)
No appearance for Appellees CIM and Toyo.
WHATLEY, Judge.
Shin-Kobe Electric Machinery Company appeals an order denying its motions to dismiss for lack of personal jurisdiction. We conclude that Florida does not have personal jurisdiction over Shin-Kobe and reverse.
Shane Rockwell sued CIM Industrial Machinery, a forklift distributor, and Tampa Forklift, a forklift retailer, for injuries he received when a battery on a forklift exploded. The battery was manufactured by Shin-Kobe. Shin-Kobe sold the battery to Toyo Umpanki, which incorporated the Shin-Kobe battery into the forklift it manufactured. Toyo Umpanki sold the forklift to CIM Industrial Machinery, which in turn sold the forklift to Tampa Forklift. Tampa Forklift eventually sold the forklift to Rockwell's employer.
Tampa Forklift filed a third party complaint against Shin-Kobe and Toyo Umpanki. Rockwell amended his complaint to also add Toyo Umpanki and Shin-Kobe as defendants in his suit.
Shin-Kobe filed motions to dismiss both complaints, as they pertained to Shin-Kobe, for lack of personal jurisdiction. In support of its motions, Shin-Kobe submitted the affidavit of Hitoshi Araki. Araki was employed by Shin-Kobe as the manager of Marketing and Planning of the Battery and Apparatus Department. He testified in his affidavit that Shin-Kobe is a Japanese corporation that is not registered with the Florida Secretary of State to do business in Florida. It has no director, officer, employee, or agent in Florida, and it does not transact business in Florida. Furthermore, all of Shin-Kobe's factories and offices are located in Japan. Shin-Kobe has no real property, office, telephone listing, bank account, or business records in Florida. In addition, Shin-Kobe does not advertise or solicit business in Florida.
According to Araki's affidavit, the battery at issue is known within Shin-Kobe as an automotive battery. The battery was *69 designed, manufactured, and sold by Shin-Kobe in Japan to Toyo Umpanki, a Japanese corporation. Automotive batteries are only sold by Shin-Kobe within the Japanese domestic market. Araki testified that Shin-Kobe had no direction or control over the battery after the sale to Toyo Umpanki, and it had no knowledge that Toyo Umpanki would resell the subject forklift in the United States. Araki further testified that Shin-Kobe could not have anticipated being sued in Florida and that any such lawsuit would create an extreme burden upon Shin-Kobe as a foreign corporation with no contacts in Florida.
We conclude that Florida does not have personal jurisdiction over Shin-Kobe, because Tampa Forklift and Rockwell failed to establish that Shin-Kobe had sufficient minimum contacts with Florida to satisfy constitutional due process requirements. This case is very similar to Asahi Metal Industry Co. v. Superior Court of California, 480 U.S. 102, 107 S.Ct. 1026, 94 L.Ed.2d 92 (1987). Asahi manufactured tire valve assemblies in Japan and sold them to tire manufacturers, including Cheng Shin Rubber Industrial Company. Cheng Shin incorporated the valves into tires and sold the tires all over the world. Approximately 20 percent of its sales were in California. While in use in California, one such tire exploded and the plaintiff was injured. The sale of the valve took place in Taiwan. The plaintiff sued Cheng Shin as the tire manufacturer, and Cheng Shin filed a cross-complaint seeking indemnification from Asahi.
Asahi challenged the exercise of personal jurisdiction by a California court based on the Due Process Clause of the Fourteenth Amendment. Asahi was a Japanese corporation that had no employees, agents, or property in California, and it neither maintained business records nor conducted business in California. Asahi did not advertise or solicit business in California, and it did not create or control the distribution system that brought its valves into California. The president of Asahi filed an affidavit stating that the company never contemplated that it would be subject to lawsuits in California.
Cheng Shin submitted an affidavit stating that Asahi knew that its valves would be incorporated into tires that would be sold in the United States. Further, the affidavit alleged that in a single tire store in California, there were 115 tire tubes and 21 of those tires contained Asahi valve stems.
The United States Supreme Court held that California did not have personal jurisdiction over Asahi. Id. at 113, 107 S.Ct. 1026. The Court ruled that to support a finding of minimum contacts, there must be an action of the defendant purposefully directed toward the forum state. Id. at 112, 107 S.Ct. 1026.
The Court explained:
The placement of a product into the stream of commerce, without more, is not an act of the defendant purposefully directed toward the forum State.... [A] defendant's awareness that the stream of commerce may or will sweep the product into the forum State does not convert the mere act of placing the product into the stream into an act purposefully directed toward the forum State.
Id.
The Court held that there must be additional conduct suggesting an intent or purpose to serve the state. Id. Such conduct could include "designing the product for the market in the forum State, advertising in the forum State, establishing channels for providing regular advice to customers in the forum State, or marketing the product through a distributor who has agreed to serve as the sales agent in the forum State." Id. The Supreme Court ruled that, even if Asahi knew that some of the tires would be sold in California, there was no evidence that Asahi took any action to purposefully avail itself of the California market. Id.
In the present case, there was no evidence that Shin-Kobe took any action to purposefully avail itself of the Florida market. In Araki's affidavit, he testified that *70 Shin-Kobe batteries are only sold by Shin-Kobe within the Japanese domestic market. Shin-Kobe sold the subject battery in Japan to Toyo Umpanki, a Japanese corporation. Similar to Asahi, Shin-Kobe had no employees or agents in Florida, owned no property, maintained no business records, and did not conduct business in Florida. Shin-Kobe did not advertise or solicit business in Florida, and it did not control where the forklifts would be distributed.
Further, there is no evidence of additional conduct by Shin-Kobe indicating an intent or purpose to serve Florida. It did not design the product for the market in Florida, advertise in Florida, establish channels for providing regular advice to customers in Florida, or market the product through a distributor who agreed to serve as the sales agent in Florida. See Asahi Metal Indus. Co., 480 U.S. at 113, 107 S.Ct. 1026. Shin-Kobe made all of its money with the initial sale to Toyo Umpanki, and the resales to CIM Industrial, Tampa Forklift, and Rockwell's employer were not purposeful contacts by Shin-Kobe. See Tomashevsky v. Komori Printing Mach. Co., 715 F.Supp. 1562, 1566 (S.D.Fla.1989) (distinguishing horizontal distribution schemes).
In Maschinenfabrik Seydelmann v. Altman, 468 So.2d 286 (Fla. 2d DCA 1985), the plaintiff was injured while using a meat grinder manufactured by Seydelmann, a German company. Seydelmann sold the meat grinder to Robert Rieser, a Massachusetts retailer, who then sold the meat grinder to the plaintiff's employer.
Seydelmann did not own real property in Florida, and it did not maintain any office, telephone listing, bank account or business records in Florida. It was not registered with the Florida Secretary of State and it did not have any distributors, agents, or salespersons in Florida. All sales to Rieser took place in Germany and Seydelmann had no control over the products after the sale.
This court held that the plaintiff failed to establish sufficient minimum contacts to satisfy due process requirements. See Maschinenfabrik Seydelmann, 468 So.2d at 290. The court ruled that, even if it were foreseeable that one of the meat grinders would find its way to Florida, such foreseeability was not enough to satisfy the due process requirements for minimum contacts. Id. at 289-290. The court held that the defendant's conduct must be such that it could reasonably anticipate being brought to court here. Id. at 290.
Here, there is no evidence that Shin-Kobe knew of the delivery of the subject battery in Florida, and we conclude that its conduct was not such that it could reasonably anticipate being brought to court here. Therefore, Florida does not have personal jurisdiction over Shin-Kobe.
The order appealed is reversed and the cause is remanded with directions to the trial court to enter an order dismissing Shin-Kobe for lack of personal jurisdiction.
CAMPBELL, A.C.J., and STRINGER, J., Concur.