COVINGTON, Judge.
On this interlocutory appeal, the appellant, Kin Yong Lung Industrial Company, Limited (KYL), challenges a nonfinal order denying its motion to quash service of process for lack of personal jurisdiction. We reverse.
*665 In July 1999, the appellee, Diane Marie Temple, as personal representative of the estate of her late husband, Dail Wayne Temple (the decedent), filed a product liability and automobile negligence action. Among others, the lawsuit named as a defendant KYL, a Taiwanese manufacturer of motorcycle helmets. In her complaint, Temple alleged that KYL manufactured the defective helmet the decedent was wearing at the time of his 1997 motorcycle accident. Temple claimed that the defect in the helmet caused the decedent to sustain fatal head injuries in the subject collision. Temple’s complaint alleged a basis for long-arm jurisdiction over KYL. Additional defendants named in the suit included Fulmer Helmets, Inc., a Tennessee-based helmet wholesaler who allegedly imported the decedent’s helmet from KYL in Taiwan, and West Coast Motorcycles, Inc., a Florida motorcycle dealership who allegedly sold the subject helmet to the decedent.
In November 2000, KYL filed a motion to quash service of process for lack of personal jurisdiction. Attached to the motion was the legally sufficient affidavit of a corporate representative of KYL. In a litany of sworn factual assertions, the representative attested that KYL did not do business in Florida, nor did it otherwise have any contact with the state that would enable a Florida court to obtain personal jurisdiction over it as a nonresident defendant.
To counter KYL’s affidavit, Temple filed a transcript of the deposition testimony of Arthur Fulmer, the corporate representative of Fulmer Helmets. In his deposition, Mr. Fulmer indicated that he was not a KYL distributor, nor was he otherwise an agent of KYL. He also stated that he independently sought out and initiated contact with KYL in Taiwan to secure a helmet supplier for his Tennessee wholesale business. KYL agreed to a private arrangement with Mr. Fulmer and from that time supplied helmets to his Memphis-based company.
In his deposition, Mr. Fulmer went on to explain that helmet orders placed with KYL were shipped directly to Fulmer Helmets’ warehouse in Mississippi. Upon receipt, Fulmer Helmets would place its business logo on the helmets and would sometimes make minor alterations to the product. Thereafter, Fulmer Helmets would ship helmets from Mississippi to various dealers around the country upon their request. Mr. Fulmer testified that, beyond filling helmet orders, KYL exercised no control over the helmets or their distribution. Furthermore, Fulmer Helmets did not give KYL any information about distribution. Thus, according to Mr. Fulmer, KYL had no specific knowledge of the distribution of its helmets. However, Mr. Fulmer did suspect that KYL may have surmised that the helmets could conceivably be shipped to Florida or anywhere else in the United States.
Subsequently, a hearing was held on KYL’s motion to quash service of process. At that time, the trial court entertained only the arguments of counsel. No evidence was taken at that hearing. After taking the matter under advisement, the trial court entered a written nonfinal order denying, without explanation, KYL’s motion to quash service of process for lack of personal jurisdiction.
On appeal, KYL contends the trial court erred in denying its motion to quash service of process. KYL argues that Temple failed to establish the existence of specific personal long-arm jurisdiction in this instance.
According to Venetian Salami Co. v. Parthenais, 554 So.2d 499, 501-02 (Fla.1989), to determine whether long-arm jur *666 isdiction is appropriate in a particular case, a trial court must decide whether (1) there are sufficient jurisdictional facts to bring the action within the purview of the long-arm statute; and (2) the nonresident defendant involved has sufficient minimum contacts with Florida to satisfy constitutional due process requirements. See also Shin-Kobe Elec. Mach. Co. v. Rockwell, 750 So.2d 67, 69 (Fla. 2d DCA 1999) (citing Asahi Metal Indus. Co. v. Superior Court of Cal., 480 U.S. 102, 107 S.Ct. 1026, 94 L.Ed.2d 92 (1987)); Maschinenfabrik Seydelmann v. Altman, 468 So.2d 286, 288 (Fla. 2d DCA 1985). Here, KYL concedes that there are sufficient jurisdictional facts to bring this action within the purview of the long-arm statute-specifically, section 48.193(l)(f)2, Florida Statutes (1999), which applies to product liability suits. KYL argues, however, that Temple failed to establish that KYL has sufficient minimum contacts with the state to meet due process requirements. We agree.
If a plaintiff has initially pleaded a basis for jurisdiction, it is incumbent on a defendant who wishes to challenge jurisdiction to do so by an appropriate motion and an attached, legally sufficient affidavit or other sworn proof. QSR, Inc. v. Concord Food Festival, Inc., 766 So.2d 271, 274 (Fla. 4th DCA 2000). Once that occurs, the burden shifts to the plaintiff to refute the defendant’s affidavit by filing its own affidavit or other sworn proof. Id. If the parties’ affidavits can be harmonized, the trial court may decide the matter on the undisputed facts. Gloveland Shipping, Ltd. v. Sveriges Angfartygs Assurans Forening, 791 So.2d 4, 10 (Fla. 1st DCA 2000). If the affidavits are in direct conflict, however, the trial court must conduct a limited evidentiary hearing to resolve the question of jurisdiction. Id. The foregoing notwithstanding, if the plaintiff fails to refute the legally sufficient factual assertions set forth in the defendant’s affidavit, the defendant’s motion challenging personal jurisdiction must be granted. QSR, 766 So.2d at 274. In this instance, KYL’s motion to quash should have been granted. Temple failed in every respect to refute KYL’s legally sufficient affidavit, which unequivocally established that KYL did not have the requisite contacts with Florida to be sued here.
Minimum contacts are not established “merely by showing that a manufacturer could foresee that his product would be used in a particular state and that he derived some indirect economic benefit from its use.” Altman, 468 So.2d at 290; see also Asahi, 480 U.S. at 112, 107 S.Ct. 1026. Rather, there must be proof that the nonresident defendant engaged in some action purposefully directed toward the forum state. Asahi, 480 U.S. at 112, 107 S.Ct. 1026; Shin Kobe, 750 So.2d at 69; Altman, 468 So.2d at 290. Such purposeful availment requires something more than merely placing a product into the stream of commerce. Asahi, 480 U.S. at 112, 107 S.Ct. 1026; Shin Kobe, 750 So.2d at 69; Altman, 468 So.2d at 290; Relco Shoe Mach., Ltd. v. Gonzalez, 559 So.2d 1251, 1252 (Fla. 3d DCA 1990). Here, Mr. Fulmer’s deposition established only that, pursuant to his efforts alone, KYL shipped helmets to a Mississippi warehouse leased by his Tennessee-based company. The deposition did not otherwise suggest any purposeful contact by KYL with the state of Florida.
Therefore, based on the foregoing, this court concludes that Florida cannot obtain personal jurisdiction over KYL in this matter.
Reversed.
FULMER and CASANUEVA, JJ., Concur.