352 So.2d 862 (1977)
ELECTRO ENGINEERING PRODUCTS CO., INC., et al., Appellants,
v.
Darrell LEWIS, etc., et al., Appellees.
No. 50894.
Supreme Court of Florida.
October 27, 1977.
Rehearing Denied December 28, 1977.
*863 Mark Hicks, of Blackwell, Walker, Gray, Powers, Flick & Hoehl, Miami, for appellants.
Paul Freedman, of Preddy, Haddad, Kutner, Hardy & Josephs, Miami, and Arnold R. Ginsberg, of Horton, Perse & Ginsberg, Miami, for appellees.
HATCHETT, Justice.
This case is before us to review an interlocutory order of the Dade County Circuit Court which upheld the constitutionality of Florida's Long Arm Statute.[1] We have jurisdiction *864 to treat this interlocutory appeal as a petition for certiorari under Article V, Section 3(b)(3). Burnsed v. Seaboard Coastline Railroad Co., 290 So.2d 13 (Fla. 1974). The denial by the trial court of petitioners' Motion to Dismiss is affirmed because service of process was properly predicated upon a sufficient allegation of jurisdictional facts warranting the exercise of personal jurisdiction over these foreign corporations.
Petitioners, corporations with headquarters in Illinois, allegedly manufactured and distributed the "Electro Rotary Airless Paintgun." Respondent[2] was injured when one of these allegedly defective paint guns suddenly ignited into flames. A complaint was filed seeking recovery for damages, and alleging that the petitioners utilized wholesale houses, mail order outlets, and other outlets for the sale of this paint gun to the general public in the ordinary course of commerce and trade. It was further alleged that this defective product was purchased in 1975 as a result of an advertising campaign which was and is still being conducted in this state, and that this product was distributed by petitioners for use by citizens of this state. Petitioners filed a motion to dismiss, arguing that the complaint alleged insufficient jurisdictional facts to obtain personal jurisdiction over them. If, however, personal jurisdiction was properly obtained pursuant to Florida's Long Arm statute, petitioners assert that this section is unconstitutional for failing to require sufficient "minimum contacts" consistent with petitioners' due process rights under the federal constitution. International Shoe Co. v. Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945). Further, petitioners contend that the Florida Legislature exceeded its constitutional authority by directing extra-territorial service of process to be served by officers of foreign states.
To acquire jurisdiction over a non-resident pursuant to this section of Florida's Long Arm statute, the plaintiff must initially allege in the complaint sufficient jurisdictional facts to show that the non-resident manufactured or serviced a product which was used within this state in the ordinary course of commerce and trade, and which injured a person in this state. The burden then shifts to the defendant to make a prima facie showing of the inapplicability of the Long Arm statute. At that time the plaintiff is required to substantiate the jurisdictional allegations in the complaint by affidavits or other competent proof, and not merely reiterate the factual allegations in the complaint. See Dublin Co. v. Peninsular Supply Co., 309 So.2d 207 (Fla.4th DCA 1975), and cases cited therein. However, the allegations of jurisdictional facts in the present complaint remain undisputed, and must be taken as true for the purpose of resolving petitioners' arguments. Here, the facts stated in the complaint show that petitioners manufactured a defective paint gun, and were engaged in the business activity of marketing and distributing this product for use by citizens of this state. These allegations place them within the reach of the Long Arm statute and satisfy the "minimum contacts" required by the federal constitution.
We further determine that service of process was proper pursuant to Section 48.194, Florida Statutes (1975), and determine that there is no conflict between that *865 section and Section 48.011, Florida Statutes (1975). Strict compliance with service of process procedures is required in order to insure that a defendant receives sufficient notice of the legal action brought against him in this state. The fact that our state legislative authority does not extend beyond state borders does not prevent the service of proper notice to non-residents as to suits brought against them here. Section 48.194, Florida Statutes (1975) is constitutional in that it provides a procedure for notifying parties in compliance with the requirements of due process.
The trial court's order denying petitioner's motion to dismiss for lack of personal jurisdiction is affirmed and the case is remanded for further proceedings.
OVERTON, C.J., and ADKINS, BOYD, ENGLAND, SUNDBERG and KARL, JJ., concur.
NOTES
[1] Petitioners have challenged the constitutionality of § 48.193, Fla. Stat. (1975), the pertinent sections of which provide:

(1) Any person, whether or not a citizen or resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits that person and, if he is a natural person, his personal representative to the jurisdiction of the courts of this state for any cause of action arising from the doing of any of the following:
* * * * * *
(f) Causes injury to persons or property within this state arising out of an act or omission outside of this state by the defendant, provided that at the time of the injury either:
* * * * * *
(2) Products, materials, or things processed, serviced, or manufactured by the defendant anywhere were used or consumed within this state in the ordinary course of commerce, trade, or use, and the use or consumption resulted in the injury.
* * * * * *
(2) Service of process upon any person who is subject to the jurisdiction of the courts of this state as provided in this section may be made by personally serving the process upon the defendant outside this state, as provided in s. 48.194. The service shall have the same effect as if it had been personally served within this state.
* * * * * *
Section 48.194, Fla. Stat. (1975) provides:
Service of process on persons outside of this state shall be made in the same manner as service within this state by any officer authorized to serve process in the state where the person is served. No order of court is required. An affidavit of the officer shall be filed, stating the time, manner, and place of service. The court may consider the affidavit, or any other competent evidence, in determining whether service has been properly made.
[2] The injured plaintiff was a minor and was joined in this suit for damages by his parents.