373 So.2d 68 (1979)
COMPANIA ANONIMA SIMANTOB, a Venezuelan Corporation, Appellant,
v.
BANK OF AMERICA INTERNATIONAL OF FLORIDA, a United States Corporation, Appellee.
No. 78-2364.
District Court of Appeal of Florida, Third District.
July 3, 1979.
Rehearing Denied August 3, 1979.
*69 Dubbin, Schiff, Berkman & Dubbin and Evan Langbein, Miami, for appellant.
Paul & Thomson and Jon W. Zeder, Miami, for appellee.
Before HENDRY, HUBBART and KEHOE, JJ.
HENDRY, Judge.
Compania Anonima Simantob, a Venezuelan corporation, seeks review of a non-final order pursuant to Rule 9.130, Florida Appellate Procedure Rules, (1977 Revision); to-wit, a review to determine whether the trial court erred in denying the motions to dismiss and abate the action for lack of personal jurisdiction over the appellant/defendant and insufficient service of process.
The appellant,[1] one of three foreign corporations being sued in the circuit court action, allegedly failed to honor a certain *70 contract of guaranty after the principal obligor defaulted in payment under a series of promissory notes. The contract of guaranty had been entered into by appellant and the Bank of America International of Florida in Dade County in 1977. Appellant specifically contends that the trial court erred in denying its motions because (a) Simantob was not engaged in a business or a business venture within the meaning of § 48.181, Florida Statutes (1977),[2] so that service of process pursuant to § 48.161, Florida Statutes (1977)[3] was insufficient to confer jurisdiction upon the trial court, and (b) the allegations contained in the affidavit filed by the appellee failed to meet the burden of proof required to show the propriety of substituted service of process under the long-arm statute.
After careful review of the record in this cause, we have determined that the execution of the guaranty by Simantob constitutes "doing business" under the long-arm statute § 48.181 since the said act initiated and was an integral part of a series of obligations owed by other parties to the plaintiff bank.[4] See, Horace v. American National Bank and Trust Company at Fort Lauderdale, 251 So.2d 33 (Fla. 4th DCA 1971), which distinguished Odell v. Signer, 169 So.2d 851 (Fla. 3d DCA 1964).
In Horace, supra., at 36 the court quoting from State ex rel. Weber v. Register, 67 So.2d 619, at 621 (Fla. 1953) sets forth the test for determining the existence of jurisdiction over the nonresident:[5]
"* * * due process requires only that in order to subject a defendant to a judgment *71 in personam, if he be not present within the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit does not offend `traditional notions of fair play and substantial justice.'"
The Horace court referred to the holding in Wm. E. Strasser Construction Corporation v. Linn, 97 So.2d 458 (Fla. 1957) for the propositions that the "minimum contacts" necessary to give rise to doing business or engaging in a business venture may consist of a single act with the intention of thereby initiating a series of acts and that each case must be resolved on the basis of the facts revealed by the particular record before the court. The court further stated that the three criteria to be used for determining the outer limits of an in personam jurisdiction based on a single act are:[6] (1) the defendant must have purposely availed himself of the privilege of acting in the forum state or causing a consequence in the forum state; (2) the cause of action must derive from the defendant's activities in the forum state; (3) the acts or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable. Under the facts presented in this case, the criteria have been met.
Additionally, we have determined that appellant's second point is without merit. Our Supreme Court has defined the procedure by which jurisdictional allegations are to be tested in its holding in Electro Engineering Products Co., Inc. v. Lewis, 352 So.2d 862 (Fla. 1977).[7] The plaintiff is required to initially allege sufficient facts to support jurisdiction under the long-arm statute, the burden then shifts to the defendant to make a prima facie showing of the inapplicability of the said statute, then the plaintiff is required to substantiate its jurisdictional allegations in the complaint by affidavits or other competent proof; when the allegations of jurisdictional facts remain undisputed, they must be taken as true. Further case law authority relied upon by appellee bank holds that the defendant, in order to meet its burden in challenging the plaintiff's jurisdictional allegations, must file affidavits or other competent evidence sufficient to establish a prima facie case against jurisdiction before the plaintiff is required to rebut with affidavits. Pace Carpet Mills, Inc. v. Life Carpet and Tile Co., Inc., 365 So.2d 445 (Fla. 4th DCA 1978).[8] The record sub judice contains no competent evidence offered by appellant in support of the motions to dismiss and abate the action; defendant failed to make the proper showing and the jurisdictional facts were properly taken as true for the purpose of resolving the motions.
Affirmed.
NOTES
[1] Hereinafter referred to as "Simantob."
[2] "48.181 Service on nonresident engaging in business in state

"(1) The acceptance by any person or persons, individually, or associated together as a copartnership or any other form or type of association, who are residents of any other state or country, and all foreign corporations, and any person who is a resident of the state and who subsequently becomes a nonresident of the state or conceals his whereabouts, of the privilege extended by law to nonresidents and others to operate, conduct, engage in, or carry on a business or business venture in the state, or to have an office or agency in the state, constitutes an appointment by the persons and foreign corporations of the secretary of state of the state as their agent on whom all process in any action or proceeding against them, or any of them, arising out of any transaction or operation connected with or incidental to the business or business venture may be served. The acceptance of the privilege is signification of the agreement of the persons and foreign corporations that the process against them which is so served is of the same validity as if served personally on the persons or foreign corporations."
[3] "48.161 Method of substituted service on nonresident

"(1) When authorized by law, substituted service of process on a nonresident or a person who conceals his whereabouts by serving a public officer designated by law shall be made by leaving a copy of the process with a fee of $5.00 with the public officer or in his office or by mailing the copies by certified mail to the public officer with the fee. The service is sufficient service on a defendant who has appointed a public officer as his agent for the service of process. Notice of service and a copy of the process shall be sent forthwith by registered or certified mail by the plaintiff or his attorney to the defendant, and the defendant's return receipt and the affidavit of the plaintiff or his attorney of compliance shall be filed on or before the return day of the process or within such time as the court allows, or the notice and copy shall be served on the defendant, if found within the state, by an officer authorized to serve legal process, or if found without the state, by a sheriff or a deputy sheriff of any county of this state or any duly constituted public officer qualified to serve like process in the state or jurisdiction where the defendant is found. The officer's return showing service shall be filed on or before the return day of the process or within such time as the court allows. The fee paid by the plaintiff to the public officer shall be taxed as cost if he prevails in the action. The public officer shall keep a record of all process served on him showing the day and hour of service."
[4] The trial court pleadings reveal that Simantob was a party to a complex business transaction in Florida in which the three Venezuelan corporations acting through a common corporate officer borrowed approximately $900,000 from appellee-bank, and that, all told, there were four promissory notes and three guaranties involved. Further, Simantob was not only a guarantor of these promissory notes, but its own guaranty was the subject of a personal guaranty by an individual who is a common corporate officer, a codefendant in the trial court.
[5] As established by the United States Supreme Court in International Shoe v. State of Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945).
[6] As derived from the United States Supreme Court decisions in McGee v. International Life Insurance Co., 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223 (1957) and Hanson v. Denckla, 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958).
[7] See also, Dublin Company v. Peninsular Supply Company, 309 So.2d 207 (Fla. 4th DCA 1975).
[8] It was the court's decision in the cited case that the plaintiff's complaint contained sufficient allegations to infer: that the defendant corporation was carrying on business in Florida through a local distributor of carpeting over which it had control; the minimum contacts test was satisfied; and there was compliance with procedure to be followed in testing jurisdiction under the long-arm statute.