431 So.2d 198 (1983)
PHOENIX TRIMMING, INC., Appellant,
v.
Lois C. MOWDAY, As Personal Representative of the Estate of Jackson Robert Mowday, Etc., et al., Appellees.
No. 82-2133.
District Court of Appeal of Florida, Fourth District.
April 27, 1983.
Rehearing Denied May 31, 1983.
*199 Mark R. Boyd of Walsh, Theissen & Boyd, P.A., Fort Lauderdale, for appellant.
Richard A. Barnett, P.A., Hollywood, and Jon E. Krupnick of Krupnick & Campbell, Fort Lauderdale, for appellees-Mowday and Berg.
Richard G. Collins, Fort Lauderdale, for appellee-Brandt.
DOWNEY, Judge.
This case involves an application of the Florida Long Arm Statute, specifically Section 48.193(1)(f)(2), Florida Statutes (1979).
The incident giving rise to the cause of action occurred when Jackson Robert Mowday, Glenn Berg, and Rae J. Hauprich were killed because the hot air balloon in which they were riding collided with some electric power lines. The personal representatives of the Mowday and Berg estates filed suit for damages against Raven Industries, Inc., manufacturer of the balloon, Thomas E. Brandt, Esquire, as personal representative of the Hauprich Estate, Phoenix Trimming, Inc., a supplier of webbing material used in the balloon, and numerous other defendants and their insurance carriers. The plaintiffs' complaint and Brandt's crossclaim contained the following identical allegation regarding Phoenix Trimming, Inc.:
At all times material hereto the Defendant, PHOENIX TRIMMING, was and is a foreign corporation doing business in the State of Florida, in that the products manufactured and distributed by the Defendant, PHOENIX TRIMMING, are sold and ultimately used in the State of Florida. Products manufactured by the Defendant are sold with the knowledge that they will be distributed and used in the State of Florida and the products manufactured for use in the State of Florida represent a significant percentage of the Defendant's output.
Phoenix filed a motion to dismiss for lack of jurisdiction over the person, wherein it alleged that it had no offices and no agents in Florida nor did it do business there. A hearing was held to determine whether the facts presented demonstrated jurisdiction and the trial court found the facts presented by appellant were insufficient to support its motion to dismiss. In our judgment the facts presented do not demonstrate sufficient minimum contacts with the State of Florida to satisfy the due process requirements for obtaining personal jurisdiction over Phoenix via the Florida long arm statute.
The evidence submitted through the deposition of the president of Phoenix and certain invoices, packing slips, etc., showed that Phoenix is an Illinois corporation that manufacturers narrow synthetic fabric in its plant in Tarboro, North Carolina. In the *200 regular course of business appellee, Ravens Industries, Inc., of Sioux Falls, South Dakota, ordered 2500 yards of nylon webbing from Phoenix, which was shipped from Tarboro direct to Sioux Falls, where Ravens has a balloon plant. Apparently the nylon webbing was used in the manufacture of the balloon in question and the plaintiffs contend it contributed to the accident killing the plaintiffs' decedents.
The evidence adduced shows that Phoenix, in business for over half a century, does no advertising, and has no offices, agents, employees, representatives, distributors, or salesmen in Florida. Although the shipping invoices for the webbing showed the recipient's address as "Balloon Plant 1812 E. Avenue," the president testified Phoenix did not know whether the webbing was to be used by Raven in some of its products or was to be resold to others. None of this evidence was contradicted by evidence adduced on behalf of the appellees.
The burden of proving the right to proceed under the Florida long arm statute is upon the plaintiffs; they must allege facts that bring them within the parameters of the statute. The burden then shifts to the long-armed defendants to show prima facie that the statute is inapplicable, in which case the burden shifts back to the plaintiffs. Electro Engineering Products Co. v. Lewis, 352 So.2d 862 (Fla. 1977).
Appellant, relying upon World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980), contends the trial court erred in finding that the facts presented established sufficient minimum contacts to justify the State of Florida's exercising jurisdiction over Phoenix. Appellees, on the other hand, rely upon Ford Motor Co. v. Atwood Vacuum Machine Co., 392 So.2d 1305 (Fla. 1981), to support the decision below. After careful study of both cases. we believe the Woodson case requires a holding that the long arm statute is not available to plaintiffs in the present case.
The essential facts in Woodson are that the Robinsons purchased an Audi automobile from Seaway Volkswagen, Inc., in Massena, New York. The next year the Robinsons left Massena for Arizona. While driving through Oklahoma they were rearended, causing a fire that injured some members of the family. The Robinsons filed suit in the Oklahoma State Court and named as defendants the Audi manufacturer, its importer, its regional distributor, World-Wide Volkswagen Corp., and its retail dealer, Seaway. Both World-Wide and Seaway attacked the jurisdiction of the court under the Oklahoma long arm statute. The trial court and Oklahoma Supreme Court ruled in favor of the plaintiffs and held there were sufficient contacts to justify Oklahoma's exercising jurisdiction. The Supreme Court of the United States disagreed and held that World-Wide and Seaway had no "contacts, ties, or relations" with Oklahoma sufficient to authorize Oklahoma's exercising jurisdiction.
After reviewing the constitutional problems existent in the exercise of jurisdiction over non-residents by a state court and acknowledging the historical developments since Pennoyer v. Neff, 95 U.S. 714, 24 L.Ed. 565 (1877), which have led to the present day extension of state court jurisdiction in this area, the Court commented upon the factual situation presented in this case as follows:
Applying these principles to the case at hand, we find in the record before us a total absence of those affiliating circumstances that are a necessary predicate to any exercise of state-court jurisdiction. Petitioners carry on no activity whatsoever in Oklahoma. They close no sales and perform no services there. They avail themselves of none of the privileges and benefits of Oklahoma law. They solicit no business there either through salespersons or through advertising reasonably calculated to reach the State. Nor does the record show that they regularly sell cars at wholesale or retail to Oklahoma customers or residents or that they indirectly, through others, serve or seek to serve the Oklahoma market. In short, respondents seek to base jurisdiction on one, isolated occurrence and whatever inferences *201 can be drawn therefrom: the fortuitous circumstance that a single Audi automobile, sold in New York to New York residents, happened to suffer an accident while passing through Oklahoma.

World-Wide Volkswagen Corp. v. Woodson, 444 U.S. at 295, 100 S.Ct. 559 at 566 (1980).
The Supreme Court went on to reject the plaintiff's argument that appearance of the Robinson car in Oklahoma was foreseeable by World-Wide and Seaway and thus it should be no shock to be required to defend themselves there. The plaintiffs foreseeability argument was answered by the Court in this fashion:
It is argued, however, that because an automobile is mobile by its very design and purpose it was "foreseeable" that the Robinsons' Audi would cause injury in Oklahoma. Yet "foreseeability" alone has never been a sufficient benchmark for personal jurisdiction under the Due Process Clause. * * * *
If foreseeability were the criterion, a local California tire retailer could be forced to defend in Pennsylvania when a blowout occurs there, see Erlanger Mills, Inc. v. Cohoes Fibre Mills, Inc., 239 F.2d 502, 507 (CA4 1956); a Wisconsin seller of a defective automobile jack could be haled before a distant court for damage caused in New Jersey, Reilly v. Phil Tolkan Pontiac, Inc., 372 F. Supp. 1205 (N.J. 1974); or a Florida soft-drink concessionaire could be summoned to Alaska to account for injuries happening there, see Uppgren v. Executive Aviation Services, Inc., 304 F. Supp. 165, 170-171 (Minn. 1969). Every seller of chattels would in effect appoint the chattel his agent for service of process. His amenability to suit would travel with the chattel. World-Wide Volkswagen Corp. v. Woodson, 444 U.S. at 295-296, 100 S.Ct. at 566.
Finally, after also rejecting the economic gains to distributors and retailers as a result of their goods eventually getting to Oklahoma as too attenuated a contact to justify the exercise of state jurisdiction, the Supreme Court reversed the assumption of jurisdiction by Oklahoma.
In Atwood, supra, relied upon so heavily by appellees, the Florida owner of a Ford station wagon was injured when a detention spring in the hinge on the rear door broke causing the rear door to strike the owner in the back. Claiming a defect in the manufacture of the wagon, the owner sued Ford Motor Company in the Florida state court. Ford third partied Atwood Vacuum Machine Co., a foreign corporation, which had manufactured the door hinge assembly. Atwood was served with process by Ford under Section 48.193, Florida Statutes (1977), and predictably moved to dismiss for lack of jurisdiction. The opinion notes that "[t]he motion to dismiss did not dispute the factual allegations or otherwise attempt to demonstrate the inapplicability of the `long arm' statute." 392 So.2d at 1307.
In discussing the requirement of minimum contacts before a state can exercise jurisdiction over a non-resident, the Florida Supreme Court said:
The inquiry into whether there are "minimum contacts" between the forum state and a non-resident business enterprise must look at the nature of the defendant's activities in the state. Continuous and systematic activities provide a reasonable basis for the assertion of jurisdiction. Single, isolated acts are viewed differently
392 So.2d at 1310.
The Court then reviewed the recent decision by the Supreme Court of the United States in Woodson and noted:
Thus the record in Woodson did not establish facts such as those which have been alleged (without being refuted) in this case. The Court, in deciding Woodson, did not deal with the issue in the case at bar: whether a manufacturer who by continuous and systematic activity indirectly through others serves or seeks to serve a state's market is subject to the jurisdiction of that state's courts.
392 So.2d at 1311.
*202 As indicated above, we believe Woodson controls the decision here. The facts in Woodson as recited in the opinion are much more analagous to the facts of the present case than are the facts in Atwood. In addition, the defendant in Atwood did not contest the Florida long arm jurisdiction by presentation of conflicting evidence as did the defendant in the present case.
Finally, as the Florida Supreme Court noted, the facts in Woodson did not "deal with the issue in the case at bar" (i.e., the Atwood issue), which is stated to be: whether a manufacturer who by continuous and systematic activity indirectly through others serves or seeks to serve a state's market is subject to the jurisdiction of that state's courts. Like Woodson the present case does not involve continuous, systematic activity through others in an effort to serve the Florida market.
In view of the foregoing and upon authority of the Woodson case, we reverse the order appealed from and remand the cause with directions to grant the motion to dismiss of Phoenix Trimming, Inc., for lack of jurisdiction over its person.
REVERSED AND REMANDED, with directions.
BERANEK and HERSEY, JJ., concur.