PER CURIAM.
This cause is before the court on appeal from a circuit court order granting Flight Connector Corporation’s motion to dismiss *1037 the second amended complaint for lack of jurisdiction. We reverse and remand.
Section 48.193(1), Florida Statutes (1983), provides in pertinent part for jurisdiction of Florida courts over persons, including nonresidents, who perform certain enumerated acts:
48.193 Acts subjecting persons to jurisdiction of courts of state.—
(1) Any person, whether or not a citizen or resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits that person and, if he is a natural person, his personal representative to the jurisdiction of the courts of this state for any cause of action arising from the doing of any of the following:
(a) Operates, conducts, engages in, or carries on a business or business venture in this state or has an office or agency in this state.
The second amended complaint here asserted that jurisdiction could be exercised over the defendant pursuant to Section 48.-193(l)(a). It alleged that the contract was negotiated and ultimately executed in this state. It also alleged that the defendant shipped its goods to Florida which the plaintiff repackaged and then passed on to its purchasers. Thus, the defendant’s shipping constituted continuous and systematic activities in this state tantamount to engaging in business. See Ford Motor Co. v. Atwood Vacuum Machine Co., 392 So.2d 1305 (Fla.1981). More importantly, the defendant failed to adequately refute any of the allegations of the complaint. Scordilis v. Drobnicki, 443 So.2d 411 (Fla. 4th DCA 1984) and Phoenix Trimming, Inc. v. Mowday, 431 So.2d 198 (Fla. 4th DCA 1983), cert. denied, 440 So.2d 352 (Fla.1983). Accordingly, we reverse and remand.
REVERSED AND REMANDED.
LETTS, HURLEY and DELL, JJ., concur.