493 So.2d 101 (1986)
NORWEST BANK MINNEAPOLIS, N.A., and Norwest Bank Owatonna, N.A., Appellants,
v.
AMERICAN CENTENNIAL INSURANCE COMPANY, a Delaware Corporation, Capital Mortgage Financial Corporation, Etc., et al., Appellees.
No. 85-2423.
District Court of Appeal of Florida, Fourth District.
September 10, 1986.
Jill Nexon and James D. Silver of Valdes-Fauli, Cobb & Petry, P.A., Miami, for appellants.
Bruce Charles King of Kimbrell & Hamann, P.A., Miami, for appellee-American Centennial Ins. Co.
DOWNEY, Judge.
Appellants Northwestern National Bank of Minneapolis, n/k/a Norwest Bank of Minneapolis, and Northwestern National Bank of Owatonna, n/k/a Norwest Bank of Owatonna (The Banks), seek reversal of a non-final order denying their motions to dismiss based upon lack of jurisdiction under the Florida long arm statute, section 48.193(1)(a) and (g), Florida Statutes (1983).
Appellee, American Centennial Insurance Company, a Delaware Corporation (American), filed an amended complaint for declaratory judgment to determine whether insurance policies issued by it provided coverage for claims made by The Banks. The amended complaint alleged, among other things, that in August 1982 Ocean View Towers, Inc., a Florida corporation, sold fifty-three condominium units located in Broward County, Florida, to various purchasers and either took back purchase money mortgages on the units or originated financing for the sale from other financial institutions. In May 1984, after a series of transfers, five of said mortgages were assigned to Norwest of Minneapolis and three to Norwest of Owatonna. Thereafter, American issued home equity credit insurance policies to The Banks to insure the mortgage holders against default by the borrower. In due course the unit owners defaulted on the mortgages and The Banks filed claims on their policies. American denied the claims based upon allegations of fraud and misrepresentation.
The allegations of the complaint relative to jurisdiction over The Banks are that the court has jurisdiction under section 48.193(1)(a) and (g) based upon the factual allegations of the complaint. The complaint alleges that The Banks are not entitled to coverage because The Banks individually, or through their agent, Capital Mortgage Financial Corporation, a Florida corporation, *102 concealed or misrepresented material facts concerning the insurance, or procured the policy by means of fraud by (1) overvaluing the condominium units in order to obtain loans in excess of one hundred percent of actual value of the units, (2) by structuring the loans with borrowers who did not intend to make the payments in accordance with the loan documents, (3) in not exercising prudent lending practices as required by the insurance application, (4) in acting unreasonably in purchasing poor risk loans, and other breaches of the policy provisions.
The Banks moved to dismiss the amended complaint for lack of personal jurisdiction over The Banks because The Banks had not engaged in any activity in Florida described in section 48.193(1)(a) or (g). The motion was supported by four affidavits from bank officers, attorneys and the President of Miller Mortgage Company, the broker who negotiated the sale of the mortgages in question to The Banks, and who appears to have been American's agent in the transactions. American's only response was an unsworn "REPLY MEMORANDUM IN OPPOSITION TO DEFENDANTS' ... MOTIONS TO DISMISS... ."
The law is quite clear in Florida that, when a plaintiff seeks to obtain jurisdiction over a nonresident defendant based upon section 48.193, the Florida long arm statute, the plaintiff has the initial burden to allege sufficient jurisdictional facts in his complaint to bring the case within the purview of said statute. Having complied with that obligation, the burden shifts to the defendant to submit evidence by sworn affidavits to contest the bare allegations of the complaint. At that point the burden of proof shifts once again to the plaintiff to submit sworn proof of the jurisdictional allegations of the complaint. Electro Engineering Products Co. v. Lewis, 352 So.2d 862 (Fla. 1977); Phoenix Trimming, Inc. v. Mowday, 431 So.2d 198 (Fla. 4th DCA 1983); Elmex Corp. v. Atlantic Federal Savings & Loan Ass'n, 325 So.2d 58 (Fla. 4th DCA 1976). If the plaintiff fails to satisfy his burden of supporting his jurisdictional allegations with competent proof the complaint is subject to dismissal. Hickok Teaching Systems v. Equitech Training Systems, Inc., 421 So.2d 772 (Fla. 4th DCA 1982).
The evidence presented to the trial court in support of The Banks' motion to dismiss was that:
1. The Banks were national banking associations maintaining offices only in the State of Minnesota.
2. They had never maintained an office or agency in the State of Florida.
3. They had never operated, conducted, engaged in, or carried on a business or business venture in the State of Florida.
4. The assignment of the mortgages in question was the result of a solicitation in Minnesota by Miller Mortgage Company, a Minnesota mortgage broker, which writes insurance for and acts as an agent for American. Nor was Miller a Johnny-come-lately vis-a-vis American, as Miller has been an agent for American since 1979.
5. The Banks received the subject insurance policies in Minnesota from Miller Mortgage Company, as agent for American.
6. The Banks were not required to perform nor did they perform any acts in Florida.
With no verified proof to contradict any of the foregoing, we hold that appellee has failed to demonstrate any entitlement to use of the Florida long arm statute or the minimum contacts necessary to entitle it to other personal jurisdiction over The Banks.
Accordingly, the order appealed from is reversed and the cause is remanded to the trial court with directions to dismiss the amended complaint as to The Banks.
HERSEY, C.J., and LETTS, J., concur.