SCHEB, Acting Chief Judge.
This is an appeal from the trial court’s denial of a motion to quash service of process and a motion to dismiss a complaint for lack of jurisdiction over the defendants. We have jurisdiction under Florida Rule of Appellate Procedure 9.130(a)(3)(C)(i). On appeal, we find it necessary only to address defendants’ contention that the trial court erred in failing to consider an additional affidavit which it granted leave to file.
In its complaint, plaintiff Storrington Corporation (Storrington), a Florida corporation, alleged that defendants Aminoff & Company, Inc., and Gary A. Aminoff, individually, defaulted on their promissory note payable to Storrington. Defendant Aminoff & Company is a California corporation with offices in Beverly Hills, California and London, England. Defendant Gary Aminoff is president of Aminoff & Company and is a California resident. The defendants were served in California pursuant to the provisions of section 48.193, Florida Statutes (1985).
The defendants filed a motion to quash service of process on the basis that they did not conduct business, have an office, own or possess real property, or commit a tortious act in Florida. The defendants also filed a motion to dismiss for lack of jurisdiction, arguing that, as applied to them, the Florida Long Arm Statute, section 48.193(1)(g), was unconstitutional and deprived them of due process. In support of its position, the plaintiff filed an affidavit by Walter Aye, the president of Stor-rington, and in support of their position, the defendants filed an affidavit by Gary Aminoff.
In the plaintiff’s affidavit dated May 2, 1986, Aye stated that the promissory note sued upon was given in settlement of a prior investment he made as trustee and *1292 subsequently assigned to Storrington. Gary Aminoff, individually and on behalf of Aminoff & Company, through correspondence and telephone conversations to Florida repeatedly solicited extensions of time to pay back the investment. Gary Aminoff also visited with Aye in Tampa, Florida regarding that investment. Finally, Aye said that Aminoff & Company was “doing business in Florida, not only on this particular venture, but in other matters as well.”
Gary Aminoff in his May 28,1986, affidavit stated that the investment referred to was a loan to a proposed California limited partnership made by G.E. Ashby, a citizen of Great Britain. The transaction originated in Great Britain and was made in California. Walter Aye, as United States legal counsel for G.E. Ashby, maintained his legal offices in Tampa, Florida. The interest of G.E. Ashby was purportedly assigned to Walter Aye as a trustee. Gary Aminoff also stated that at no time had he or Ami-noff & Company engaged in any business or business venture in the state of Florida, maintained an office or agency in Florida, or ever owned or possessed any real property in Florida. Finally, Aminoff stated that at no time had he or Aminoff & Company: (1) contemplated subjecting themselves to the jurisdiction of Florida courts; or (2) availed himself or itself of the privilege of conducting substantive activities within the state of Florida or invoked the benefits and protection of its laws.
On June 10, 1986, a hearing was held on the defendants’ motions and the defendants were granted leave to file an additional affidavit in support of their motion to quash. On June 11, 1986, the trial judge mailed a letter to counsel for both parties, stating his decision and that “no further affidavits will be useful or relevant.” The trial judge concluded that the nonresident defendants had breached a contract to make payments in Florida and, thus, had sufficient minimum contacts with the state. On June 12, 1986, prior to the filing of any supplement affidavit, the court entered an order denying the defendants’ motions. Nevertheless, on June 13, 1986, the defendants filed the supplemental affidavit for which leave of court had been previously granted.
On appeal both the defendants and plaintiff filed additional affidavits and other evidence with this court in support of their arguments. This court found it necessary to strike the additional affidavits and evidence from the record because they were not considered by the trial court.
A determination of whether personal jurisdiction can be properly acquired over a foreign corporation or an out of state resident involves a dual inquiry. See Ford Motor Co. v. Atwood Vacuum Machine Co., 392 So.2d 1305 (Fla.), cert. denied, 452 U.S. 901, 101 S.Ct. 3024, 69 L.Ed.2d 401 (1981); Lakewood Pipe of Texas, Inc. v. Rubaii, 379 So.2d 475 (Fla. 2d DCA 1979). First, the requirements of Florida’s Long Arm Statute must be properly alleged. Second, jurisdiction still does not exist unless the defendant has sufficient “minimum contacts” with the state to satisfy due process requirements. Lakewood Pipe.
When a plaintiff seeks to obtain jurisdiction over a nonresident defendant based upon section 48.193, the plaintiff has the initial burden to allege sufficient jurisdictional facts in his complaint to bring the case within the purview of the statute. Having complied with that obligation, the burden shifts to the defendant to submit evidence by sworn affidavits to contest the bare allegations of the complaint. At that point, the burden of proof shifts once again to the plaintiff to submit sworn proof of the jurisdictional allegations of the complaint. Norwest Bank Minneapolis, N.A. v. American Centennial Insurance Co., 493 So.2d 101 (Fla. 4th DCA 1986); see also Electro Engineering Products Co. v. Lewis, 352 So.2d 862 (Fla.1977).
A person who breaches a contract “by failing to perform acts required by the contract to be performed in this state” is subject to the jurisdiction of the courts of this state. § 48.193(1)(g), Fla.Stat. (1985). Here, Storrington properly alleged the requirements of section 48.193(1)(g) by claiming that Gary Aminoff and Aminoff & Company failed to make payments required by the promissory note in Florida. Defendants, however, argue that the court did not *1293 have before it adequate documentation to determine whether they had sufficient minimum contacts with Florida to satisfy due process requirements. We agree.
As noted, the plaintiff met its initial burden and the burden shifted to the defendants to contest the allegations in the complaint. The defendants submitted one affidavit and were granted leave by the court to file another affidavit in support of their motion. We find that the trial court erred by not considering the defendants’ additional affidavit, which it granted leave to file. Without additional evidence, the trial court did not have before it sufficient evidence to properly evaluate the defendants’ contacts with Florida to ascertain if personal jurisdiction was available.
Accordingly, we vacate the trial court’s order and remand to allow consideration of the additional affidavit and evidence filed by the defendants, as well as those filed by the plaintiff. In addition to the authorities cited in this opinion, on remand the trial court may find the following cases instructive: Burger King Corp. v. Rudzewicz, 471 U.S. 462, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985); Osborn v. University Society, Inc., 378 So.2d 873 (Fla. 2d DCA 1979).
HALL and SANDERLIN, JJ., concur.