511 So.2d 727 (1987)
W.C.T.U. RAILWAY COMPANY, Appellant,
v.
Josephine SZILAGYI, As Personal Representative of the Estate of Bruce W. Szilagyi, Appellee.
No. 86-2067.
District Court of Appeal of Florida, Third District.
August 25, 1987.
*728 Mershon, Sawyer, Johnston, Dunwody & Cole and Robert C. Owens, Miami, for appellant.
Horton, Perse & Ginsberg and Edward Perse, John B. Ostrow, Miami, for appellee.
Before BARKDULL, NESBITT, and DANIEL S. PEARSON, JJ.
PER CURIAM.
W.C.T.U. Railway Company (WCTU) appeals the trial court's non-final order denying its motion to dismiss Josephine Szilagyi's complaint for lack of personal jurisdiction. We reverse the trial court's order because Szilagyi failed to establish that WCTU is subject to the jurisdiction of the courts of Florida under Florida's long-arm jurisdiction statute, specifically sections 48.181 and 48.193, Florida Statutes (1983).
At the outset we observe that under Florida law the long-arm statute is to be strictly construed. Wm. E. Strasser Constr. Corp. v. Linn, 97 So.2d 458, 459 (Fla. 1957); Bank of Wessington v. Winters Gov't Secs. Corp., 361 So.2d 757, 759 (Fla. 4th DCA 1978); Chase Manhattan Bank, N.A. v. Banco Del Atlantico, F.A., 343 So.2d 936, 937 (Fla. 3d DCA 1977); Lyster v. Round, 276 So.2d 186, 188 (Fla. 1st DCA), cert. denied, 283 So.2d 105 (Fla. 1973). A plaintiff must allege sufficient jurisdictional facts in his or her complaint to establish a basis for Florida courts to exercise jurisdiction over a nonconsenting, nonresident defendant. Electro Eng'g Prods. Co., v. Lewis, 352 So.2d 862, 864 (Fla. 1977); see Linn; Caribe & Panama Invs., S.A., v. Christensen, 375 So.2d 601 (Fla. 3d DCA 1979); Bank of Wessington; Chase Manhatten Bank, N.A.; Lyster. A defendant challenging the jurisdiction of the court must then make a prima facie showing that the long-arm jurisdiction asserted is improper. Once the defendant makes the prima facie showing, the burden shifts to the plaintiff to prove the jurisdictional allegations asserted in the complaint. Lewis; Aminoff & Co. v. Storrington Corp., 503 So.2d 1290, 1292 (Fla. 2d DCA 1987); Phoenix Trimming, Inc. v. Mowday, 431 So.2d 198, 200 (Fla. 4th DCA), review denied, 440 So.2d 352 (Fla. 1983); Compania Anonima Simantob v. Bank of Am. Int'l, 373 So.2d 68, 71 (Fla. 3d DCA 1979), cert. denied, 383 So.2d 1192 (Fla. 1980).
A plaintiff may only invoke the court's jurisdiction over a nonresident defendant by means of substituted service pursuant to section 48.181, Florida Statutes (1983), when the defendant engages in business activities within the state. According to the undisputed allegations, WCTU is an Oregon corporation which employs nine people and operates fourteen miles of railroad *729 in Oregon, but which has no offices outside of that state. WCTU owns 2010 railroad boxcars which it leases to other railroad companies by means of multilateral agreements. Many of the nation's railroad companies are signatories to the agreement which permits the boxcars to be continuously subleased and to move freely around the nation's rail system without the knowledge, supervision or control of the owner. The lease agreement requires the railroad carrier in possession of a boxcar to maintain or repair it, should this become necessary. According to the facts before this court, WCTU's only contact with the State of Florida is that one of its boxcars, under a lease to another railroad company, ended up in this state and was involved in an accident. It is obvious that such contact does not amount "to operat[ing], conduct[ing], engag[ing] in, or carry[ing] on a business or business venture in the state... ." § 48.181(1), Fla. Stat. (1983); cf. Community Suffolk, Inc. v. Denver & Rio Grande W.R.R., 475 F. Supp. 443 (D.Mass. 1979) (railroad company, the initial carrier in shipment bound for Massachusetts whose railcars occasionally entered Massachusetts while leased to other carriers, lacked sufficient contacts to subject it to personal jurisdiction pursuant to Massachusetts' long-arm jurisdiction statute); Lyster, 276 So.2d at 188 ("An isolated act which from any objective viewpoint could not be held to constitute the operation, conduct, engagement in or carrying on of a business or business venture is not sufficient to activate the [long-arm] statute.").
Once WCTU made a prima facie showing in its motion to dismiss that it conducts no business in the state, has no offices or agents in Florida, see § 48.181(2), Fla. Stat. (1983), and did not lease the boxcar through any broker, jobber, wholesaler or distributor to "any person, firm, or corporation" in Florida, § 48.181(3), the burden shifted to Szilagyi to prove the jurisdictional allegations of her complaint. See Lewis 352 So.2d at 864; Phoenix Trimming, Inc., 431 So.2d at 200; Compania Anonima Simantob, 373 So.2d at 71. Since Szilagyi offered no proof but chose instead to rely upon her complaint, she failed to satisfy that burden. See Sims v. Sutton, 451 So.2d 931, 931 (Fla. 3d DCA 1984) ("In the face of a meritorious challenge by way of a motion to quash service of process and abate for lack of personal jurisdiction supported by affidavits, the plaintiff has to prove jurisdiction over the person by opposing affidavits, testimony or documents."). Consequently, the trial court erred in denying WCTU's motion to quash the service of process made in accordance with section 48.161, Florida Statutes (1983), pursuant to section 48.181.
In assessing Szilagyi's alternative claim, that the court may properly exercise jurisdiction over WCTU under section 48.193(1)(f)(2), Florida Statutes (1983), the analysis and result is the same. Under that section, the court has jurisdiction over a nonresident who
caus[es] injury to persons or property within this state arising out of an act or omission by the defendant outside this state, if, at or about the time of the injury,
* * * * * *
(2.) [p]roducts, materials, or things processed, serviced, or manufactured by the defendant anywhere were used or consumed within this state in the ordinary course of commerce, trade, or use.
§ 48.193(1)(f)(2), Fla. Stat. (1983). In response to the allegations in Szilagyi's complaint, WCTU made what amounted to a prima facie showing that the jurisdiction alleged under section 48.193(1)(f)(2) was improper. WCTU submitted affidavits and deposition testimony which proved not only that WCTU did not produce, manufacture, or service the boxcar but also that the boxcar had been interchanged among eight different railroad companies during the four months period between the time WCTU last had the boxcar in its possession and the time of the accident. Having made a prima facie showing, the burden shifted back to Szilagyi to prove the jurisdictional allegations of her complaint. See Lewis 352 So.2d at 864; Phoenix Trimming, Inc., 431 So.2d at 200; Compania Anonima *730 Simantob, 373 So.2d at 71. Since Szilagyi relied solely upon her complaint to support jurisdiction under this section as well, and did not present any evidence, she failed to meet that burden. Consequently, the court should have granted WCTU's motion to dismiss for lack of personal jurisdiction under section 48.193(1)(f)(2).
Since Szilagyi failed to meet her burden of proving the jurisdictional allegations of her complaint after WCTU had made a prima facie showing that the jurisdiction asserted under both sections 48.181 and 48.193, Florida Statutes (1983), was improper, the trial court erred in denying WCTU's motion to quash service and dismiss for lack of personal jurisdiction. Accordingly, the trial court's order is reversed.[1]
NOTES
[1] Our decision makes it unnecessary to address WCTU's contention that Szilagyi failed to properly effect service of process upon it. Furthermore, because our decision hinges on appellee's failure to prove the jurisdictional allegations of her complaint in response to WCTU's motion to dismiss rather than on any failure to allege sufficient jurisdictional facts in her complaint, we do not deem it appropriate to afford Szilagyi the opportunity to amend her complaint.