## FEIGER v CAHEN, P.A.
### Case No. 87-127-AP County (Court Case No. 86-8836 CC26)
Eleventh Judicial Circuit, Dade County

January 26, 1989

### APPEARANCES OF COUNSEL

**Lisa Leonardo Daniels,** for appellant.

**Harvey S. Swickle,** for appellee.

Before DONNER, NADLER, ROTHENBERG, JJ.

### OPINION OF THE COURT

AMY STEELE DONNER, Judge.

This appeals follows denial of Appellant's Motion to Dismiss for Lack of Personal Jurisdiction and for failure to state a claim upon which relief could be granted. This case is an action by Stephen Cahen, P.A., a Miami law firm, against Yvette Feiger and her current husband, Robert E. Feiger, both residents of Texas. Steven Cahen, P.A.

represented Yvette Feiger in her Florida divorce proceedings and now seeks attorney's fees for breach of the written agreement for payment of same. They are also suing Mr. Feiger, alleging that he broke an oral agreement guaranteeing payment of his wife's debts.

Mr. Feiger was not served personally but was mailed a copy of the Complaint in Texas. He subsequently filed a Motion to Dismiss for Lack of Personal Jurisdiction and for Failure to State a Claim upon which relief could be granted. This Motion was denied.

Appellant is correct in his contention that he was not subject to the jurisdiction of the Court based on Florida's Long-Arm Statute, F.S. § 48.194. Service of Process on non-residents is allowed in the same manner as service within the State. However, mere *notice* of the pending action by mailing a Complaint to the Defendant does not suffice to bring such Defendant into the Court's jurisdiction.

Strict compliance with Florida's Long-Arm Statute is necessary in order to support exercise of jurisdiction over a non-resident Defendant. *Electro Engineering Products Co., Inc v Lewis,* 352 So.2d 862 (Fla. 1977). This fact alone mandated dismissal of the case.

We also agree with Appellant's argument that an *oral* promise to answer for the debt of another is barred by the Statute of Frauds, F.S. § 725.01. Plaintiff therefore failed to state a claim upon which relief could be granted and the Motion to Dismiss should have been granted.

The Court's denial of Defendant's Motion to Dismiss is reversed and the case is dismissed with prejudice.