STANDARD BRANDS TELEVISION AND APPLIANCE, INC., a Florida corporation, Plaintiff,

v.

BANK OF NEW ENGLAND–SOUTH, N.A., a National Banking Association, Defendant.

No. 89–6391–CIV.

United States District Court, S.D. Florida, Miami Division.

Aug. 14, 1989.

Daniel E. Oates, Pompano Beach, for plaintiff.

Melissa B. Feldman, Ft. Lauderdale, Fla., for defendant.

## MEMORANDUM OPINION

SPELLMAN, District Judge.

### ORDER GRANTING DEFENDANT'S MOTION TO QUASH SERVICE AND TO DISMISS

THIS CAUSE comes before the Court upon Defendant's Motion to Quash Service and to Dismiss, filed with this Court on June 14, 1989. For the reasons set forth below, it is the opinion of this Court that Defendant's Motion to Quash Service and to Dismiss should be GRANTED.

### FACTS

Plaintiff, STANDARD BRANDS TELEVISION and APPLIANCE, INC., ("STANDARD BRANDS"), is a Florida corporation. Defendant, BANK OF NEW ENGLAND-SOUTH, N.A., ("BNE-SOUTH"), is a national banking association. On February 16, 1989, STANDARD BRANDS received and accepted $18,500.00 in "Money Order Checks" from Jim Moresco, in payment for appliances and consumer electronic equipment. These money orders were drawn on BNE-SOUTH and endorsed by Jim Moresco. STANDARD BRANDS deposited the money orders in its bank account at Southeast Bank, however, the money orders were returned for "payment stopped" and STANDARD BRAND'S account was charged accordingly. As a result, STANDARD BRANDS instituted this action against Defendant, BNE-SOUTH, in state court.[1] Subsequent to the initiation of this action, Defendant removed this case to federal court on the basis of diversity of citizenship. Following the removal of this case, Defendant filed a Motion to Quash Service and Dismiss Complaint. For the reasons set forth below, it is the opinion of this Court that it lacks personal jurisdiction over Defendant, BNE-SOUTH.

### DISCUSSION

As Defendant BNE-SOUTH is not a Florida resident and is not licensed or registered to do business in the State of Florida, this Court may acquire jurisdiction over BNE-SOUTH, only pursuant to Florida's Long-Arm Statute, Florida Statute Section 48.193. Florida Statute Section 48.193 provides in pertinent part:

(1) any person, whether or not a citizen or resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits himself and, if he is a natural person, his personal representative to the jurisdiction of the courts of this state for any cause of action arising from the doing of any of the following acts:

(a) Operating, conducting, engaging in, or carrying on a business or business venture in this state or having an office or agency in this state.

(b) Committing a tortious act within this state.

(c) Owning, using, or possessing any real property within this state.

(d) Contracting to insure any person, property, or risk located within this state at the time of contracting.

(e) With respect to a proceeding for alimony, child support, or division of property in connection with an action to dissolve a marriage or with respect to an independent action for support of dependents, maintaining a matrimonial domicile in this state at the time of the commencement of this action or, if the defendant resided in this state preceding the commencement of this action, whether cohabitating during that time or not. This paragraph does not change the resi-

---

1. Plaintiff instituted this action based upon Defendant's alleged failure to pay on negotiable instruments, breach of contract, and promissory estoppel.

dency requirement for filing an action for dissolution of marriage.

(f) Causing injury to persons or property within this state arising out of an act or omission by the defendant outside this state, if, at or about the time of the injury, either:

1. The defendant was engaged in solicitation or service activities within this state; or

2. Products, materials, or things processed, serviced, or manufactured by the defendant anywhere were used or consumed within this state in the ordinary course of commerce, trade, or use.

(g) Breaching a contract in this state by failing to perform acts required by the contract to be performed in this state....

Plaintiff has the burden of proving facts which clearly justify jurisdiction over a Defendant pursuant to this statute. *Polskie Linie Oceaniczne v. Seasafe Transport,* 795 F.2d 968 (11th Cir.1986); *Oriental Imports & Exports Inc. v. Maduro & Curiel's Bank N.V.,* 701 F.2d 889 (11th Cir.1983). To justify application of the long-arm Statute, Plaintiff must allege sufficient jurisdictional facts in the Complaint to establish a basis for the Court to exercise jurisdiction over a non-consenting, non-resident Defendant. *W.C.T.U. Railway Company v. Szilagyi,* 511 So.2d 727 (Fla. 3d DCA 1987). Failure to adequately allege such a basis in the Complaint voids any attempted service of process over the Defendant. *Kimbrough v. Rowe,* 479 So.2d 867 (Fla. 5th DCA 1985).

To exercise jurisdiction over a Defendant, the Defendant must have certain minimum contacts with the forum state, even under the long-arm Statute. *International Shoe Company v. State of Washington,* 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945); *Burger King Corporation v. Rudzewicz,* 471 U.S. 462, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985); *Hansen v. Denckla,* 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958); *World Wide Volkswagen Corpora-*

*tion v. Woodson, District Judge Of Creek County, Oklahoma,* 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980). Defendant BNE–SOUTH simply does not have minimum contacts with the forum state in the instant case. Defendant BNE–SOUTH does not presently conduct business in the State of Florida, nor has it ever conducted business in Florida, either directly or indirectly through an agent, employee or officer. Nor does Defendant BNE–SOUTH maintain offices, branches, employees or records in Florida. The mere issuance of a money order cannot constitutionally subject Defendant BNE–SOUTH to the jurisdiction of Florida. *Pacific Telephone and Telegraph Co. v. Geist,* 505 So.2d 1388 (Fla. 5th DCA 1987); *Herman v. Sunset Commercial Bank,* 481 So.2d 98 (Fla. 3rd DCA 1986).

It is only through the unilateral activity of Jim Moresco that a relationship arose between STANDARD BRANDS and BNE–SOUTH.[2] That is, the relationship between STANDARD BRANDS and BNE–SOUTH is a purely fortuitous one, brought about solely by the unilateral actions of Jim Moresco [a customer of STANDARD BRANDS and holder of money orders issued by BNE–SOUTH]. It is also purely fortuitous that Jim Moresco assigned payment rights on these money orders to a Florida corporation. "A judicial holding that solely by failing to make contractual payments due in any foreign state, the payor impliedly consents to submit himself to the jurisdiction of such foreign state ... exceeds the bounds of common sense and reason and of constitutional due process." *National Equipment Leasing, Inc. v. Watkins,* 471 So.2d 1369, 1370–71 (Fla. 5th DCA 1985). This Court may not therefore, exercise personal jurisdiction over the instant Defendant.

Upon careful review of this matter, it is hereby

ORDERED AND ADJUDGED that Defendant's, STANDARD BRANDS TELEVISION AND APPLIANCE, INC., Motion

---

**2.** Defendant BNE did not purposefully avail itself of the laws of the State of Florida—Defendant BNE was in no way involved in the transaction and received no benefit from it. If anyone has purposefully availed themself of the laws of this state, it is Jim Moresco.

to Quash Service and to Dismiss is GRANTED. Accordingly, the above-styled cause is DISMISSED WITHOUT PREJUDICE for lack of personal jurisdiction over the Defendant.

DONE AND ORDERED.