PER CURIAM.
Bradley Jacobs appeals an order denying his motion to dismiss for lack of in personam jurisdiction.
It is well-settled that a two-part inquiry is required to assess whether the exercise of long-arm jurisdiction is appropriate. “First, it must be determined that the complaint alleges sufficient jurisdictional facts to bring the action within the ambit of the statute; and if it does, the next inquiry is whether sufficient ‘minimum contacts’ are demonstrated to satisfy due process requirements.” Venetian Salami Co. v. Parthenais, 554 So.2d 499, 502 (Fla.1989); see also Woods v. Nova Companies Belize, Ltd., 739 So.2d 617 (Fla. 4th DCA 1999), rev. denied, 766 So.2d 222 (2000).
The allegations in the complaint that Jacobs engaged in intentional conduct that took place in the State of Florida and caused injury to a Florida resident are sufficient to bring the action within the statute. See § 48.193(l)(b), Fla. Stat. (2000). Therefore, we turn to the second aspect of the jurisdictional inquiry. That inquiry shifts the burden to the defendant, Jacobs, to contest jurisdiction by a legally sufficient affidavit or other similar sworn proof contesting the essential jurisdictional facts.
*1138 Jacobs met his burden having submitted an affidavit to support his position that none of the transactions at issue took place in Florida. Hence, the burden then returned to the plaintiff, Patricia Nadal, to refute the proof in Jacobs’ affidavit, either by affidavit or other sworn testimony. Venetian Salami 554 So.2d at 502; QSR, Inc. v. Concord Food Festival Inc., 766 So.2d 271 (Fla. 4th DCA 2000). Nadal did not meet her burden because she did not file any sworn proof in support of her jurisdictional allegations. Washington Capital Corp. v. Milandco, Ltd., Inc., 695 So.2d 838 (Fla. 4th DCA 1997).
Accordingly, we reverse and remand this case to the trial court with directions to dismiss the complaint for lack of in personam jurisdiction. See Norwest Bank Minneapolis, N.A. v. American Centennial Ins. Co., 493 So.2d 101, 102 (Fla. 4th DCA 1986). See also Kajima Corp. v. Fitzpatrick, 526 So.2d 729 (Fla. 4th DCA 1988).
DELL, KLEIN and HAZOURI, JJ., concur.